## THE MICHIGAN SOUTHERN AND NORTHERN INDIANA RAILROAD COMPANY *v.* SHANNON.

The provision of the revised statutes, that process cannot run less than three nor more than thirty days (2 R. S. p. 454), the provision of the act of 1853, that in suits before a justice of the peace, against a railroad company, for stock killed, a day should be fixed for trial without specifying within what time, and that at least ten days' notice thereof should be given by summons (Acts of 1853, p. 113), and the provision of the act of the same year, that where the principal office of the company is out of the state, at least thirty days' notice shall be given of the time and place of the pendency of suit (Acts of 1853, p. 102), should be construed together; and in every summons the day of trial should be set not exceeding thirty days after the date of the summons.

In cases before a justice of the peace, where service is too late for the day of trial named, it is the duty of the justice, under the code, if want of sufficient service be not waived, to continue the cause to a future day, not unreasonably distant.

Upon such service, therefore, though a judgment by default cannot be ren-

Nov. Term,
1859.

THE MICHI-
GAN, &C.,
RAILRO'D CO.
v.
SHANNON.

dered till the statutory time of notice has expired, still the service operates to inform the party of the pendency of the suit, and he is bound to take notice of the subsequent action of the Court therein.

Where service upon a railroad company having their principal office out of the state, in an action before a justice for killing stock, had been made ten days, and nothing appeared showing the justice that the case was not ready for judgment, and judgment was rendered upon such insufficient notice, it was *held*, that the defendants might have the judgment opened, on application, in ten days, or they might have it vacated in a direct proceeding at any time after ten days and before payment, or they might appeal. But it was *held*, also, that the case could not be dismissed on appeal; because the insufficient service was not ground of dismissal, but only of a continuance, before the justice; nor would the fact be ground of continuance on appeal, for a continuance in that Court would be granted or not, as cause might be shown then and there to exist.

*Thursday,*
*December* 1.

APPEAL from the *Laporte* Circuit Court.

PERKINS, J.—Suit, commenced before a justice of the peace, against *The Michigan Southern and Northern Indiana Railroad Company*, to recover for stock killed. The summons was served upon the conductor of a passenger train, and required an appearance for trial upon the twelfth day thereafter. On that day, judgment was taken by default against the company. The company did not appear or appeal within thirty days thereafter; but later than that, obtained an order from the Circuit Court upon the justice to allow an appeal, which he did, and it was taken. In the Circuit Court, the company, by attorney, made an affidavit that their principal office was out of the state of *Indiana*, and upon the affidavit, moved that the cause be dismissed for the want of sufficient service of process. The motion was overruled, and, on a trial, the judgment of the justice was affirmed. New trial denied.

By the revised code, a summons cannot run less than three, nor more than thirty days from and after the day of date. Within those limits, a day for trial must be named in it, and it must be served, at least, three days before that named for the trial. 2 R. S. p. 454.

On the first of *March*, 1853, an act was passed providing that in suits before a justice of the peace for stock killed, a day should be fixed for trial, without specifying within what time, and that, at least ten days' notice there-

of should be given by service of summons. Acts of 1853, p. 113. On the fourth of the same month, another act was passed, providing that where the principal office of the company is out of the state, "at least thirty days' notice shall be given of the time and place of the pendency of said suit." Acts of 1853, p. 102.

We think these three statutes should be construed together, and that in every summons, the day of trial should be set, not exceeding thirty days after the day of the date of the summons. Unless this construction be adopted, there will, in railroad cases, be no expressed limit within which a day of trial must be set, and great abuse might be the consequence. But the service of the summons must be, under the code, three days, under the general railroad act, ten days, and under the act governing those particular cases where the principal railroad office is out of the state, thirty days, before the day of trial. Suppose, however, that the service is not so made, but that it is made less than the required number of days before that named as the day of trial; what then? Prior to the code of 1852, it would seem that the suit necessarily abated or was discontinued, unless the defendant appeared and waived the insufficiency, in point of time, of service. The justice could not render a judgment by default where such want of sufficient service appeared, or if he did it would be void. This was so decided in *Wort* v. *Finley*, though, from the abridgement of the case, reported in 8 Blackf. 335, the point does not appear. The defendant would not be bound to answer upon such service as above; and no power was given by former codes to the justice, to continue the cause to a future day, in his discretion, for trial. R. S. 1843, p. 866. If the defendant did appear, therefore, instead of waiving the want of full notice, and consenting to a trial or a continuance, he might defeat the suit by a motion to quash the writ.

If in any case, the want of jurisdiction by proper services did not appear to the justice, but actually existed, and he rendered judgment by default, such judgment could be

Nov. Term, 1859.

THE MICHI-
GAN, &c.,
RAILRO'D Co.
v.
SHANNON.

Nov. Term,
1859.

THE MICHI-
GAN, &C.,
RAILRO'D CO.
v.
SHANNON.

avoided at any time before its satisfaction, by a direct proceeding for that purpose. *Brickley* v. *Heilbruner*, 7 Ind. R. 488.

By the code of 1852, in cases where service is too late for the named day of trial, the practice before justices of the peace is changed. It is made the duty of the justice, where the want of sufficient service is not waived by consent, to continue the cause to a future, but not unreasonably distant day. 2 R. S. p. 454, § 22. Upon such service, therefore, under the present code, though a judgment by default cannot be rendered against a party till the statutory time of notice has expired, still, it operates to inform him of the pendency of the suit, and he is bound to take notice of the subsequent action of the Court therein. And, in this case, service had been made ten days, the time required by the general statute. Nothing appeared showing the justice that the case was not ready for judgment. The fact which rendered it not so, was extrinsic—one not necessarily within the knowledge of either the plaintiff or the justice, but was within that of the defendants; and it should have been made known by the defendants, at the proper time, to the justice. It was not so made known, and judgment was rendered upon insufficient notice. Several courses were then open to the defendants. The judgment might have been opened upon application, in ten days. It might have been vacated by a direct proceeding instituted for that purpose, at any time after the lapse of such ten days, and before payment. *Brickley* v. *Heilbruner*, *supra*. Or an appeal might be had. The latter was the remedy resorted to. But by this remedy, the case could not be dismissed on appeal; for the reason that the insufficient service was not ground of dismissal, but only of a continuance, before the justice. Nor would the fact be ground of continuance, on appeal. A continuance, in that Court, would be granted, or not, as cause might be shown then and there to exist, or otherwise.

The Court did right in overruling the motion to dismiss, and the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed with 1 per cent. damages and costs.

*J. B. Niles,* for the appellants.