*Pettit & Cowgill* and *Conner & Parish*, for the appellee.

May Term,<br>1861.<br><br>The Ohio<br>and Missis-<br>sippi Rail-<br>road Co.<br>v.<br>Hanna.

---

The Ohio and Mississippi Railroad Co. *v.* Hanna.

The Court of a justice of the peace is one of special limited jurisdiction, which acts by virtue of statutory power, and whose acts, to be valid, must be authorized by statute.

The statute does not authorize a justice of the peace to issue a summons, in a civil case, running more than thirty days before return, and hence such a writ is void, and no notice to the defendant.

APPEAL from the *Ripley* Common Pleas.

Perkins, J.—*Hanna* sued the *Ohio and Mississippi Railroad Co.*, before a justice of the peace, to recover the value of a cow killed on the road by a locomotive. The summons was issued *November* 21, 1859, returnable, *December* 23, 1859, and served *November* 21, 1859. Judgment by default, before

Wednesday,<br>June 12.

May Term,
1861.

the justice, *December* 23, 1859. The defendant appealed to the *Ripley* Common Pleas, and there, at the proper time, moved that the cause be dismissed for defects in the writ and service; which motion was overruled.

The Court of a justice of the peace is one of special limited jurisdiction, which acts by virtue of statutory power, and whose acts, to be valid, must be authorized by statute. See the cases collected in Ind. Dig., p. 343; *Willey* v. *Strickland*, 8 Ind. 453; 9 *id.* 212. The statute does not authorize a justice of the peace to issue a writ, in a civil cause, running more than thirty days before return. *The Michigan, &c. Co.* v. *Shannon*, 13 Ind. 171. The writ in this case was therefore void, and no notice to the defendant. It was operative for no purpose whatever. It did not effect the commencement of a suit. There was, therefore, no action pending against the railroad company, and the motion to dismiss the proceedings, made in the Common Pleas, should have been sustained.

The case at bar differs from that of the *Michigan, &c. Co.* v. *Shannon, supra*, in this: that in the latter case the writ was legal, and so was the service, but the default was prematurely taken. The defendant was rightly in Court; and the irregularity was in the rendition of judgment. In the case now before us, the writ was void, the service irregular, and, hence, the defendant was never legally in Court. No step could be taken against him, unless he saw fit to waive process and service, and voluntarily appear. That he did not do.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded for further proceedings, in accordance with this opinion.

*T. Gazlay*, for the appellant.