May Term,
1861.

JAMIESON
v.
CASTER.

JAMIESON and Another *v.* CASTER and Another.

Suit before a justice of the peace. The summons issued on *February* 13th, returnable on the 20th, and was served on the 18th. On the 20th, judg- ment was entered by default. On the 27th, on motion of plaintiff, the judgment was set aside, and the cause set for trial *March* 9th; on which day judgment was again entered by default. Proceedings, in the Circuit Court, to set aside the judgment and enjoin its collection.

*Held,* that the proceedings of the justice, in rendering the first judgment, and afterward in setting it aside without notice to the defendant, were erroneous, and that the cause should have been continued before the rendition of the first judgment.

*Held,* also, that an application should have been made to the justice to correct the errors, before instituting proceedings in another Court.

Friday,
June 14.

APPEAL from the *Tippecanoe* Circuit Court.

HANNA, J.—Suit against appellants, before a justice. The summons was issued on the 13th, returnable on the 20th, and was served on the 18th, of *February.* Judgment by default, on the 20th. On the 27th, judgment set aside, on the motion of plaintiff, and trial set for *March* 9th; on that day, judgment again by default. In *December,* this suit was instituted in the Circuit Court, to set aside said judgment, and enjoin the plaintiff from collecting the same. Demurrer to complaint sustained. It is insisted that the orders, proceedings, and judgment of the justice, on and after the 20th, were void, for want of jurisdiction of the persons of the defendants— the present plaintiffs. '

There was not such jurisdiction of the person of the defendant, on the 20th, as authorized the rendition of the judgment of that date. The Court having assumed then to render a judgment, the defendant was, for all the purposes of the motion afterward made, out of Court; and, consequently, the motion made on the 27th, to set aside such judgment, was improperly entertained, in the absence of notice to the opposite party, and the proceedings in setting aside the judgment and afterward taking a default were wrong. The case should have been continued before the rendition of the first judgment. *The Michigan, &c. Railroad Company* v. *Shannon,* 13 Ind. 171.

But although the proceedings were thus wrongful, yet our system of practice appears, in many instances, to require an application to be first made to the Court which committed the error, before another tribunal can be called on to determine directly as to that question. The refusal of the justice, upon proper application made, to set aside the judgment, would have entitled the party to an appeal from such refusal, or decision. The complaint was therefore defective, and the demurrer properly sustained.

*Per Curiam.*—The judgment is affirmed, with costs.

*S. A. Huff* and *E. A. Greenlee*, for the appellants.