FULLER *v.* THE INDIANAPOLIS AND CINCINNATI RAILROAD COMPANY.

18 91
156 89

The statute does not authorize a justice of the peace to issue a summons, in a civil case, running more than thirty days before return, and hence such a writ is void, and no notice to the defendant.

In a proceeding to restrain the collection of, and vacate a judgment, and have an execution set aside, the execution is not the foundation of the action in that sense which is contemplated by the section of the code requiring a copy to be filed with the complaint.

It is too late to object in this Court, that a judgment below was rendered for want of an answer, unless there was a motion below for a new trial on that ground.

APPEAL from the *Decatur* Common Pleas.

HANNA, J.—This was a suit to restrain the collection of, and vacate a judgment, and to have an execution set aside. It is averred that the judgment was rendered by a justice of the peace, and is void, because it was taken on a default, and without legal notice having been given. A transcript of the judgment and proceedings preceding it was filed; by which it appears that the summons issued on the 15th day of *September*, and was made returnable on the 16th day of *October*, and was "served by reading on the 15th day of *September*, on the conductor, by the name of *John W. McQuiston*, who refused to receive it. Then served it on the agent by copy."

A demurrer to the complaint was overruled. It is insisted by the appellant that the complaint and exhibits show a valid judgment, and that a copy of the execution, sought to be set aside, should have been filed therewith.

Aside from the question of the legality of the manner of service, we are of opinion, following the case of the *Ohio, &c.* v. *Hanna*, 16 Ind. 391, that the summons was invalid, and no form of service thereof could create an obligation upon the defendant to answer thereto, or bind it by any action based

Fuller *v.* The Indianapolis and Cincinnati Railroad Co.

thereon in its absence.   It is therefore not necessary to examine a question raised as to the right of the appellant to procure an amendment of the return of the officer.

As to the question concerning the validity of the complaint in the absence of a copy of the execution:   The date of the issue of the said writ is alleged, but it is not shown whether it had passed into the hands of the officer to be executed. No copy is given, nor excuse for not setting it forth.   Should it have been furnished?

It appears to us that the execution is not, in this instance, the foundation of the action in that sense which was contemplated by the statute requiring a copy to be filed.

The demurrer to the complaint was rightly overruled.

An answer of two paragraphs was filed; the second being the general denial.   A demurrer was sustained to the first, leave taken to amend, and an amended answer of four paragraphs filed; a demurrer to the second, third and fourth was sustained; and the first, being the general denial, was withdrawn, and judgment suffered to pass, setting aside the execution, and declaring the judgment a nullity.   It is now urged that judgment for want of an answer was taken whilst the general denial, the second paragraph of the original answer, still remained.   We are of opinion that said paragraph was treated and considered by both parties and the Court as being out of the record, and that it is now too late to raise the question for the first time: no motion for a new trial having been made below.

*Per Curiam.*—The judgment is affirmed, with costs.

*Gavin & Hord*, for the appellant.

*J. S. Scobey*, for the appellee.