THE TOLEDO and WABASH RAILWAY COMPANY *v.* TALBERT.

RAILROAD COMPANY—SERVICE.—Suit against the railroad company, before a justice of the peace, for killing stock. The summons was served, ten days before the return day, on a conductor. On the return day the defendant specially appeared, and brought to the knowledge of the justice, by affidavit, the fact that the principal office of the railroad company was not in this state, and thereupon moved to set aside the process and service as insufficient, and dismiss the cause. This motion was overruled; and, on motion of the plaintiff, the justice continued the cause, and fixed a time for trial twenty-eight days thereafter. Defendant made default at the trial, appealed to the Circuit Court, and renewed his motion, which was again overruled.

*Held*, that this question was decided against appellant in the case of the *Michigan and Southern, etc. Railroad Company* v. *Shannon*, 13 Ind. 171, and

reaffirmed in the case of the *Ohio and Mississippi Railroad Company* v. *Quier*, 16 Ind. 440, to which rulings the court adheres.

*Held*, also, that the continuance of the cause was sufficient notice to the defendant.

APPEAL from the *Warren* Circuit Court.

FRAZER, J.—This cause originated before a justice of the peace. It was a suit against the appellant for an animal killed by one of its trains of cars. The summons was made returnable at the end of ten days from the day of its issue, and was served on a conductor on the day of its date. On the return day the defendant, specially appearing only for that purpose, brought to the knowledge of the justice, by affidavit, the fact that the principal office of the railroad company was not in this state, and thereupon moved to set aside the process and service as insufficient, and to dismiss the case. This motion was overruled; but, on motion of the plaintiff, the justice continued the cause, and fixed a time for trial twenty-eight days thereafter. At the time thus appointed the defendant made default, and the plaintiff had judgment for $100. Having appealed to the Circuit Court, the defendant there renewed the motion which had been made before the justice, and it was overruled. The propriety of this ruling is the only question presented. This question is, it seems to us, the same which was decided by this court in *Michigan, Southern, etc. Company* v. *Shannon*, 13 Ind. 171. It was there held that, under exactly the same circumstances, the cause could not be dismissed on appeal, the defendant having made no appearance before the justice. This ruling was reaffirmed in the *Ohio, etc. Company* v. *Quier*, 16 Ind. 440. The intimation in the first-cited case, that, under the circumstances, it would be the duty of the justice to continue the cause, (as was done in the present case,) would necessarily be sound, if the decision on the principal point was correct. In the case in judgment, the postponement gave sufficient notice to the defendant. It would seem that the postponement must be for fifteen

days at least.   We do not re-examine the question decided
in the cases cited.   The rule established by them is a
wholesome one, which can not result in injustice; it is as
convenient as any which can be made consistently with
existing statutes, and it is therefore proper that the ques-
tion should remain at rest.   It is not to be denied, how-
ever, that the question was, in the beginning, one of some
nicety.

Judgment affirmed, with five per cent. damages, and
costs here.

*W. Z. Stuart,* for appellant.
*James C. McCabe,* for appellee.