The Toledo, Logansport and Burlington Railway Company *v.* Shively.

RAILROADS.—SERVICE OF PROCESS ON.—The law of 1861, (Spec. Sess., p. 78,) which required fifteen days service of process upon railroads, where the principal office of the company was without the State, is repealed by the act of 1863, (Acts 1863, p. 25.)

APPEAL from the *Newton* Circuit Court.

FRAZER, J.—This was a suit against the appellant, brought in *September,* 1865, for killing the appellee's horse by one of its trains, the railroad not being fenced.

The summons was served on a conductor, only fourteen days before the first day of the term. The defendant entering a special appearance for that purpose, upon a showing by affidavit that the principal office of the president of the corporation was without this State, and in the city and State of *New York,* moved a continuance of the cause. The court overruled the motion and the defendant excepted. Upon a refusal to appear further, the defendant was defaulted, and a judgment entered for $150, over an unsuccessful motion for a new trial.

The appellant urges a reversal of the judgment below, upon the authority of the case of *The Toledo and Wabash Railway Co.* v. *Talbert,* 23 Ind. 438.

The statutes under consideration when that case was decided, it was conceded in argument, required the service of summons to be made fifteen days before the day of trial, before a justice of the peace, and the only question was whether a continuance by the justice for that period, upon affidavit showing the cause to be one requiring such notice, was a substantial compliance with the statute. We held in the affirmative. The case before us is of a different nature. The statute of 1863, (Acts 1863, p. 25,) was in force, making ten days' service on a conductor sufficient in all such cases, and expressly repealing all previous statutes in conflict

with it. Was the act of 1861, (Laws Spec. Sess., p. 78,) which required generally fifteen days' service when the principal office of the corporation was out of the State, repealed by the act of 1863? The act of 1863 is a revision of previous acts providing compensation for animals killed or injured by railroads, and makes ample provision for that class of cases, and so far as they are concerned it is, as to the length of time process is required to be served, in obvious conflict with the act of 1861. The latter act must therefore, to that extent, be deemed to be repealed. If a railway company chooses to locate the principal office of its president in a distant State, it was seen that it ought not thereby to obtain delay in the trial of suits against it, and as the general public may not know the fact, constant annoyance and vexation was liable to occur by postponements of suits, upon such foreign location being shown to the courts. Nor can any prejudice result to the corporation, for, of necessity, it must have agents upon the ground to whose management its local affairs are intrusted, and who would scarcely have occasion to communicate with the president in *New York*, in order to prepare to defend a suit for an injury to an animal by one of its trains.

The judgment is affirmed, with costs.

*E. Walker*, for appellant.

*R. Jones* and *B. W. Langdon*, for appellee.