Pattison *et al. v.* Vaughan *et al.*

PLEADING.—*Mortgage.*—*Answer.*—When a mortgage is set out by copy in a complaint, and is referred to in an answer or cross complaint, a copy thereof need not be given again in such answer or cross complaint.

SURETYSHIP.—*Practice.*—A proceeding to establish the fact of suretyship set up in an answer cannot affect the proceeding of the plaintiff.

PRACTICE.—*Failure to Reply.*—*Waiver.*—There is no error in going to trial without a reply, in the absence of any proper objection; the reply is waived.

SAME.—*Cross Complaint.*—*Summons.*—A summons need not issue where the matters set up in the answer or cross complaint are apparent on the face of the original complaint, and the defendants thereto have been served with process in the original action; and if they have already been defaulted on the complaint, no new default need be taken on the answer or cross complaint.

SAME.—*Judgment Too Large.*—The objection that the judgment is for too large a sum must be first made in the court below.

APPEAL from the Grant Circuit Court.

DOWNEY, J.—This action was commenced by the appellee Vaughan against William A. Pattison, Beverly E. Pattison, the appellants, and Adelia F. Baylies, Joseph M. Baylies, Edgar M. Baylies, and Gustavus A. Baylies, to foreclose a mortgage. The answer of Joseph M. Baylies, Edgar M. Baylies, and Gustavus Baylies is not in the record. Adelia M. Baylies, in her answer, set up that she was the owner of two of the notes secured by the same mortgage which secured the note held by Vaughan, all of said notes and the mortgage having been executed by the appellants to said Joseph M., Edgar M., and Gustavus A. Baylies, by the firm name of J. M. Baylies & Co.; one of them assigned to Vaughan and two to said Adelia F. Baylies. William A. Pattison made default. Beverly E. Pattison answered, setting up that he was security on said notes for the accommodation of said William A. Pattison, and asking that the property of said William A. Pattison be first exhausted, etc.

The notes being payable in bank, Mrs. Baylies had obtained a personal judgment for the amount due on the notes held by her against all the parties thereto in the Wayne Common Pleas, and she filed a transcript thereof with her answer.

The cause in this shape was submitted to the court for trial, and there was a finding by which the amount due to Vaughan on his note was ascertained, and also the amount due Mrs. Baylies on her judgment. The equity of redemption was foreclosed, the mortgaged premises ordered to be sold for the payment of both amounts, and an order made that if there was any balance left due to Vaughan, after applying the proceeds, it should be made of any property of the defendants subject to execution.

There was no motion for a new trial, nor any objection or exception to any order or judgment of the court.

The errors assigned are, first, that the "cross bill" of Adelia M. Baylies does not state facts sufficient to constitute a cause of action; second, that the court erred in rendering judgment in favor of Vaughan against Beverly E. Pattison without an issue upon his answer; *third,* in rendering judgment upon the cross bill without an answer by the appellants or a default against them; fourth, in rendering judgment for a greater sum than the cross bill showed to be due to said Adelia M. Baylies.

The first question is as to the sufficiency of the answer or cross complaint of Mrs. Baylies. The objection stated in the brief to this pleading is, that a copy of the mortgage sought to be foreclosed was not filed with it. The mortgage is the same, and is referred to as the same, a copy of which is filed with the complaint. Under such circumstances we think another copy need not be filed.

The next alleged error is, that the court erred in rendering judgment in favor of Vaughan against Beverly E. Pattison without an issue upon his answer. The answer was no bar to the action, and it is expressly provided, and has been often held by this court, that the proceeding to establish the fact of suretyship "shall not affect the proceedings of the plaintiff." 2 G. & H. 308, sec. 674. But if this were not *so,* still there was no error in going to trial, in the absence of any proper objection, without a reply. The reply was

waived. *Irvinson* v. *Van Riper,* 34 Ind. 148, and cases cited, and the answer was treated as controverted.

Third. The rendering of judgment against the appellants without a default or answer to the cross complaint of Mrs. Baylies. It is alleged in the original complaint "that said Adelia F. Baylies is the owner and holder of two notes of one thousand dollars each, made by said Pattison to said J. M. Baylies & Co., and secured by said mortgage, and assigned by them to her, and the said Adelia F. Baylies is hereby made a defendant hereto to answer as to her interest in said mortgaged premises." The code does not provide, in terms, for the use of a cross complaint. It is provided that when it is necessary for the defendant to bring a new party before the court, he may state the matter relating thereto in his answer, and demand relief, and thereupon a summons shall issue, and other proceedings be had against him, as if such matter had been exhibited in the original complaint. 2 G. & H. 92, sec. 63. Conceding that the pleading thus provided for may be styled a cross complaint, a question arises, when is it necessary to have a summons issued and served on the defendants to the cross complaint? The section quoted seems to contemplate it only when a new party is made. This question was considered to some extent by this court in *Fletcher* v. *Holmes,* 25 Ind. 458. It was not held in that case, and we think it should not be held, that process on the answer or cross complaint is necessary when the matters set up in the cross complaint or answer are apparent on the face of the original complaint, as they are in this case. We think that as to matters contained in the original complaint, if not in all cases, the defendants to the original complaint, when served with process thereon, as well as the plaintiff therein, must be regarded as in court for all the purposes of the action, whether the matter in controversy arise upon the original complaint, or upon the answer or cross complaint. No new or further process was necessary, then, on account of the answer or cross complaint of Mrs. Baylies. William A. Pattison had already been de-

faulted, and we think it was unnecessary, on account of the matters set up in the answer or cross complaint of Mrs. Baylies, to go through the ceremony of again calling and defaulting him.    As to Beverly E. Pattison, he was in court, and does not appear to have made any objection to what was done.    He is not in a position to insist upon this objection.    *Fuller* v. *The Indianapolis, etc., Railroad Co.,* 18 Ind. 91.

If the judgment is for too much, the circuit court, upon a proper application, can, probably, make the proper correction.    The question cannot be presented in this court for the first time.

The judgment is affirmed, with four per cent. damages and costs.

*J. Van Devanter* and *J. F. McDowell,* for appellants.

*A. Steele, R. T. St. John,* and *G. W. Harvey,* for appellees.