JOYCE ET AL. *v.* WHITNEY ET AL.

VENUE.—*Change from Judge.—Affidavit.— When not Necessary.*—Whenever the judge of a court is notified in any manner, whether by affidavit or by a mere suggestion of a party, that a cause in which he has acted as counsel is pending before him, it is his privilege, as well as his duty, to refuse to try such cause, and to set the same for trial before some other judge.

PRINCIPAL AND SURETY.—*Proceeding to Try.—Summons.—Notice.—Judgment. —Former Adjudication.*—Where, in an action on a promissory note against several apparently joint makers, one of the defendants appears, and, upon default of his codefendants, and without any notice to them other than the original summons in the cause, alleges, and obtains a judgment against them, that they are principals and he a surety only, and asks and obtains a decree that execution be first levied on their property, such judgment and order, as between the defendants, are utterly void for want of proper notice, and will not support a plea of a former adjudication of such matter.

SAME.—*Pleading.*—The complaint of one defendant against another, to establish the alleged suretyship of the former, is not a mere cross-complaint, but is a new and original proceeding which can not be tried upon the summons issued by the plaintiff.

From the Jefferson Circuit Court.

*E. R. Wilson*, for appellants.

HOWK, J.—The appellants, as plaintiffs, sued the appellees, as defendants, in the court below.

In their complaint, the appellants alleged, in substance, that on the 12th day of September, 1871, the appellee Noah Neal, jointly with the appellants and the appellee James Comley, executed to the appellee Edwin G. Whitney, President, a note payable at The Indiana Bank, at Madison, Ind., for six hundred dollars, due three months after date, with attorney's fees if the same had to be collected by legal process; that said note was so executed by said Noah Neal as principal therein, and by the appellants and James Comley as the sureties of said Neal therein, and not otherwise, as said Whitney, as well as said Neal and Comley, at the time well knew; that after-

ward, on October 1st, 1872, said Whitney, as president
of said bank, brought suit on said note against said Neal,
Comley and the appellants, in the court below, and such
proceedings were had by said Whitney and said Comley,
in said suit, as that afterward, on October 31st, 1872, by
the consideration of said court, said Whitney obtained a
judgment therein, against said makers of said note, for
six hundred and fifty-two dollars and fifty cents, due
thereon, and for thirty-two dollars and fifty cents attor-
ney's fees for collecting the same, and for costs of suit;
that said judgment was so rendered against the appel-
lants as principal makers of said note with said Neal. And
it was then further ordered and adjudged, that the same be
first levied of the property of the appellants, jointly with
the property of said Neal, and that only on default of
realizing the same out of their said property, was the
same, or any part thereof, to be levied of the property
of said Comley, who was declared their surety, all of
which would more fully appear from the records of the
court below, to which reference was made; that, in truth
and in fact, the appellants were only sureties, jointly with
said Comley, and not otherwise, as was well known to
all the parties to said action, and the said Whitney was
only entitled to a judgment against appellants, on said
note, as sureties jointly with said Comley for said Noah
Neal, and not otherwise, and that said judgment should
first be levied of the property of said Noah Neal. Where-
fore the appellants asked that said question of surety-
ship be tried, and they demanded judgment that they be
declared sureties on said note, jointly with said Comley,
for said Noah Neal, and for proper relief as such sureties.

It appears by a bill of exceptions, properly in the record,
that when this cause was first called for issues in the
court below, the appellee Comley suggested that Hon.
John R. Cravens, then judge of said court, had been the
attorney of the appellee Whitney, in procuring the judg-
ment mentioned in appellants' complaint, and objected

to being put under rule to answer said complaint by said judge, for the reason that said judge had been of counsel for said Whitney, and ought not to take any steps in this case, because of said relationship; and thereupon Judge Cravens, of his own motion, refused to allow any steps to be taken in said cause before him, and set the same for a special term, before some other judge; to all of which rulings and doings the appellants at the proper time excepted.

Afterward, at a special term of the court below, and before another judge, the appellees Whitney and Neal made default, and the appellee Comley appeared by counsel and filed his answer to the appellants' complaint. In this answer, the appellee Comley alleged, in substance, that when the said Whitney, as president of The Indiana Bank, commenced an action on the note described in appellants' complaint, a summons issued in said action was personally served on the appellants, the said Neal and the said Comley, more than ten days before the first day of the October term, 1872, of the court below; that, when said action was called at said last named term of the court below, the appellants and said Neal made default, but the appellee Comley appeared and filed an answer, by way of cross-complaint against the appellants and said Neal, alleging therein that he signed said note, then in suit, as the surety of the appellants and said Neal, and asking that said matter of suretyship be enquired into, and that judgment be rendered, requiring the said Whitney to exhaust the property of the appellants and said Neal, before proceeding against the property of the appellee Comley; that said action was tried by the court below, without a jury, and a finding and judgment were made and rendered in favor of said Whitney, for the amount due on said note, and in favor of said Comley, that he was the surety only of the appellants and said Neal, on the note sued on; and an order was made that the sheriff, to whom an execution might issue on said

judgment, should first levy upon and exhaust the property of the appellants and said Neal, before any levy was made on the property of said Comley; and the appellee Comley averred that the same matters and things and the same identical question were involved, and were tried and determined, in said action of Whitney against the appellants, said Neal and said Comley, that the appellants then sought to have tried in this action; wherefore, etc.

The appellants demurred to appellee Comley's answer, for the want of sufficient facts therein to constitute a defence to appellants' complaint, which demurrer was overruled by the court below, and to this decision the appellants excepted.

And the appellants then replied to said Comley's answer by a general denial. And the matters in issue were tried by the court without a jury, and a finding made in favor of said Comley. And the appellants' written motion for a new trial having been overruled, and their exception saved to such finding, judgment was rendered by the court below on its finding.

In this court, the appellants have assigned the following alleged errors of the court below:

1st. Error of Judge Cravens in refusing to preside as judge in this cause, and in selecting a special judge therefor;

2d. In overruling the appellants' demurrer to the separate answer of the appellee James Comley;

3d. In overruling appellants' motion for a new trial;

4th. In overruling appellants' motion in arrest of judgment; and,

5th. In rendering and entering said judgment over appellants' objections.

The first question suggested by these alleged errors, or rather the first error, relates to the action of Judge John R. Cravens, the judge of the court below, in refusing to preside in the trial of this cause, and in setting the same down for trial at a special term, and before another judge.

One of the parties to this cause, it appears, suggested to Judge Cravens, that he had been the attorney of the plaintiff Whitney in obtaining the original judgment, mentioned in appellant's complaint, and objected on that ground to his presiding as judge in the progress of this cause.

The first statutory cause for a change of venue, as it is inaptly called, in civil actions, is as follows:

"*First.* That the judge has been engaged as counsel in the cause prior to his election or appointment as judge, or is otherwise interested in the cause." 2 R. S. 1876, p. 118, sec. 207.

The statute contemplates, that the application for a change of venue should be " made upon affidavit;" and, in this case, the appellants insist, that, because no affida- vit was filed for a change of venue, therefore the court below had neither the right nor the power to set this cause for a special term, nor to call another judge for its trial.

We do not concur with this view of the matter. In our opinion, whenever a judge of a court is notified in any manner, that a cause, in which he has been engaged as counsel for any of the parties, is pending before him, his self-respect, and his duty as a servitor in the administration of justice, alike demand that he should promptly refuse to sit as a judge in the hearing of such cause, even with the consent of all the parties.

Judges are by no means free from the infirmities of human nature, and, therefore, it seems to us, that a proper respect for the high positions they are called upon to fill should induce them to avoid even a cause for suspicion of bias or prejudice, in the discharge of their judicial duties.

In this case, we think that the course pursued by Judge Cravens was proper and legal, and the only one he could pursue, with due respect for himself and his high office. His course in this respect was fully sanctioned and author-

ized by the act of March 1st, 1855. 2 R. S. 1876, p. 10.

The important and controlling question in this cause arises upon the alleged error of the court below, in overruling the appellants' motion for a new trial.

The evidence on the trial is in the record by a proper bill of exceptions. It appears therefrom, that the appellee James Comley gave in evidence what we suppose to have been a complete record of the original cause of Whitney, President, etc., against said Noah Neal, the appellants and said James Comley. We say, that we suppose it to be such a record, because the said Comley wholly failed to identify the same as such record by any proper evidence. Assuming, however, that it is such a record, does it show, that the matters stated in appellants' complaint in this cause were so tried and determined in said original action as to make the record thereof a complete bar to the appellants' action?

It appears therefrom, that on the 1st day of October, 1872, the said Whitney, President, etc., commenced an action, in the court below, on the note mentioned in appellants' complaint, which note, on its face, was the joint and several note of the said Noah Neal, the appellants and said James Comley. The summons issued in said action required the defendants thereto, the said makers of said note, to answer the complaint of said Whitney, President of The Indiana Bank, to whose order said note had been made payable. Afterward, at the October term, 1872, of the court below, it was shown to said court by the sheriff's return to said summons, that all said defendants had been duly and legally served with process, for more than ten days before the first day of said term of said court. Thereupon said record proceeds as follows:

"The defendants Noah Neal, James Joyce and Franklin Joyce, having been each three times audibly called, come not, but herein wholly make default, and the defendant James Comley, by his attorney, files his answer herein, which reads as follows, to wit:

" ' The said James Comley, answering said complaint, says, by way of cross-complaint against his codefendants herein, he signed said note sued on as surety for said defendants, and in no other or different capacity, and he asks that said matter be inquired into, and that judgment be rendered requiring said plaintiff to exhaust the property of the other defendants before proceeding against the property of this defendant.' "

And it further appeared from said record, that, on the same day of the filing of said cross-complaint by said James Comley, and without any notice whatever thereof, the court below assumed to hear the matters involved in said cross-complaint, and made a finding and rendered judgment accordingly, among other things, that said James Comley was the surety of the other defendants to said action, and that the property of said other defendants should be first levied upon and exhausted, before any levy was made on the property of said James Comley.

It will be observed, that said James Comley does not controvert any of the matters alleged in appellants' complaint in this cause, nor does he allege in his answer, that he is, in fact, the surety of the appellants on the note referred to, but, in lieu thereof, he relies solely and exclusively on the judgment so rendered in his behalf, in the original suit, as a bar to the appellants' action. That judgment, so obtained by said Comley, without any notice whatever to appellants of his so-called cross-complaint, was and is of no validity whatever for any purpose.

It is provided by the 674th section of the practice act, that, in any action on contract, against two or more defendants, "the surety may, upon a written complaint to the court, cause the question of suretyship to be tried and determined, upon the issue made by the parties, at the trial of the cause, or at any time before or after the trial, or at a subsequent term." 2 R. S. 1876, p. 277.

It never was intended by this provision, that, in an action on such contract, one of the parties might appear,

and file a so-called cross-complaint, and, upon the default of the other parties in the original action, in their absence, and without any notice to them of such so-called cross-complaint, have the same "tried and determined," and a valid and binding judgment rendered thereon. In such a case, the complaint of the surety, not his cross-complaint, is a new and original proceeding, and is independent of the proceedings of the plaintiff, in his action on such contract.

It is expressly provided, in the section before cited of our code of practice, that the proceedings of the surety, on his complaint, "shall not affect the proceedings of the plaintiff." If the other defendants are present in court, in person or by attorney, at the time of the filing of the surety's complaint, and have actual knowledge thereof, then such complaint might be "tried and determined," if the parties were ready, with the original action. But it will not do to say, that, on a summons issued and served in an action on the contract, upon the filing of a complaint by one of the defendants as surety in such contract, the other defendants can at once be defaulted as to such complaint, without any notice whatever thereof. This point was settled, by this Court, in the case of *Fletcher* v. *Holmes*, 25 Ind. 458. And, upon the point now under consideration, the doctrine of the case cited, it seems to us, ought never to have been doubted nor questioned by this court, in any case, where the matter set up in the cross-complaint was not apparent in the original complaint.

In that case, in delivering the opinion of the Court, Frazer, J., first stated the rule in chancery, that "when a defendant sought relief against a codefendant, as to matters not apparent upon the face of the original bill, he must file his cross-bill, alleging therein the matters upon which he relied for relief, making defendants thereto of such codefendants and others as was proper, and process was necessary to bring them in. The filing of the cross-bill

was regarded in some sense as the commencement of a. new suit."

And the learned judge then added:

"It must be quite obvious that the application of the rule of chancery practice to a case like the one under consideration is well adapted to prevent abuses, and is indeed absolutely necessary to the purposes of justice. The principle is indeed fundamental, that a party shall not be bound by adversary proceedings without notice and an opportunity to be heard."

In the case at bar, it seems to us, that the record, given in evidence by the appellee Comley, in so far as the proceedings and judgment on his so-called cross-complaint were concerned, was invalid and void on its face, as against the appellants, for the want of any notice whatever to them of such cross-complaint.

We hold, therefore, that the finding of the court below was not sustained by sufficient evidence, and, for this reason, that the court below erred in overruling the appellants' motion for a new trial.

In so far as the cases of *Pattison* v. *Vaughan*, 40 Ind. 253, and *Fentriss* v. *The State, ex rel.*, etc., 44 Ind. 271, appear to be in conflict with this decision, they are overruled.

The judgment is reversed, at the costs of the appellees, and the cause is remanded, with instructions to sustain the appellants' motion for a new trial, and for further proceedings in accordance with this opinion.