CHRISMAN ET AL. *v.* PERRIN ET AL., ADMINISTRATORS.

PRINCIPAL AND SURETY.—*Surety's Rights against Principal can not delay Creditor.*—The cross action in favor of a surety against his principal, authorized by section 674 of the practice act, 2 R. S. 1876, p. 277, can not delay the action of the creditor against the surety.

SAME.—*Extension of Time.*—An answer by a surety, alleging an indefinite extension of the time of payment without his knowledge, on agreement between the creditor and principal, is insufficient.

PRACTICE.—*Pleading.— Harmless Ruling on Demurrer.*—The sustaining of a demurrer to a paragraph of a pleading is harmless, if the material facts alleged therein are admissible in evidence under a remaining paragraph.

From the Warren Circuit Court.

*J. McCabe,* for appellants.

BIDDLE, J.—The appellees, administrators of the estate of John Purdue, deceased, brought this action upon a promissory note payable to the deceased, while in life, and signed John J. Briscoe and Isaac Chrisman.

Chrisman answered, first, that he was surety on the note and Briscoe principal, praying that an order be made to first exhaust the property of the principal before proceeding against the property of the surety.

Second, that he is surety on the note and Briscoe principal, which was known to the payee; that the payee agreed with the principal, at the maturity of the note, and at the end of each year thereafter, to receive interest at the rate of twelve and a half per cent., and extend the time of payment one year therefrom, which agreement was made without the knowledge or consent of the surety.

Third, that on the 28th day of July, 1868, the payee accepted from the principal the sum of four thousand dollars, with the agreement between them that said sum should be applied on said note as interest, at the rate of twelve and a half per cent., and the balance applied on the principal, and agreed to extend the time of payment of the note for one year; that said agreement was made without the knowledge or consent of Chrisman.

The fourth paragraph sets up the same matter as that contained in the third, but pleaded more fully.

A separate demurrer for want of facts was sustained to the first, second and third paragraphs, and overruled to the fourth. Reply; trial by the court; finding and judgment for the appellee; appeal.

The suretyship set up in the first paragraph is no answer to the plaintiff's complaint; it simply presents a question between the surety and principal. Section 674, under which it is pleaded, expressly declares that "such proceedings shall not affect the proceedings of the plaintiff." *Joyce* v. *Whitney*, 57 Ind. 550.

The second and third paragraphs are each defective, if for no other reason, in not averring a definite time to which the extension of payment was granted, nor does either of them state such a contract as would bind the payee. Besides, as the same matter was pleaded in the fourth paragraph, upon which issue was taken, and trial

had, the appellee could not possibly be injured by the rulings upon the second and third paragraphs.

The evidence is not before us.

The judgment is affirmed, at the costs of the appellant.