## DAUDISTEL *v.* BENNIGHOF.

### No. 4200.

HUSBAND AND WIFE.—*Coverture of Principal a Defence to Action by Surety who has Paid Joint Judgment Against Both.*—Where, in an action upon a promissory note, executed by A , his wife and B., the fact of suretyship of any of the makers neither appears upon the face of the note, nor is established in a cross action between the defendants, and judgment is rendered thereon, which is paid by B., who, as an alleged surety for his co-defendants, after the death of A., insolvent, sues A.'s wife to recover the sum so paid, the plea of coverture is a good defence to such action.

From the Vanderburgh Common Pleas.

*P. Maier,* for appellant.

*C. Denby, D. B. Kumler* and *V. Bisch,* for appellee.

WOODS, J.—Complaint before a justice of the peace, as follows:

That, on the 17th day of June, 1869, the Trustees of the Marine Fire Company No. 2 brought an action against

Henry Daudistel, Catharine Daudistel and the appellee, before a justice of the peace, on a promissory note, which was signed by said Henry and Catharine as principals and by the appellee as their surety, and recovered judgment on the note against said principals and surety jointly, for $106 $\frac{25}{100}$ and costs; that an execution was issued on said judgment and the said appellee made to pay the same, to protect his property from levy and sale, whereby the said principals in said note became liable to pay the said appellee the amount thereof; that afterward said Henry Daudistel died insolvent; that said sum has not been paid to him. Wherefore, etc.

The appellee, before the justice, recovered judgment, from which the appellant appealed to the court of common pleas, in which court the appellant refiled an answer of three paragraphs, each of which was substantially as follows:

That, at the time of the execution of the note mentioned in the complaint, the appellant was the wife of Henry Daudistel; that she signed the note at the request of her said husband; that her husband received all the consideration money of said note; that at the time of bringing said suit, and at the rendition of said judgment, she was still the wife of the said Henry Daudistel. Wherefore she says the said note was void, etc.

Separate demurrers to each paragraph of answer, alleging the insufficiency of the facts therein averred to constitute a valid defence, were sustained by the court, and exceptions reserved. The appellant declining to answer further, the court rendered judgment for the appellee. The rulings upon these demurrers present the only questions before us.

It is insisted that the judgment paid by the appellee was invalid, because the summons was served only two days before the judgment was rendered.

The transcript filed with the complaint shows that the

summons issued on the 17th of the month, returnable on the 20th, was duly served on the 17th, but that on the 19th said Henry Daudistel alone appeared before the justice of the peace and made oath to the justice of the complaint, whereupon, without formal default of the other defendants and without appearance by or for them, judgment was entered against them all.

Was this judgment void or only voidable, as against the parties to this appeal? See *Wort* v. *Finley*, 8 Blackf. 335; *The Michigan, etc., R. R. Co.* v. *Shannon*, 13 Ind. 171; *Jamieson* v. *Caster*, 16 Ind. 426; *The O. & M. R. R. Co.* v. *Hanna*, 16 Ind. 391; *The O. & M. R. R. Co.* v. *Quier*, 16 Ind. 440; *The T. & W. R. W. Co.* v. *Talbert*, 23 Ind. 438.

It does not seem to us to be material to the rights of the parties on this appeal, whether the question of the validity of this judgment be decided one way or the other. In either view, the answers of the appellant were good.

The plaintiff claims that he signed the note, on which the judgment was rendered, as surety for the other makers, but the note itself does not show the fact, and appears to be the joint note of the parties.

The plaintiff now seeks to avail himself of the statute which allows the question of suretyship to be tried after judgment has been rendered on the obligation, and in this action to show that he signed as surety only, and to recover the sum which he has been compelled to pay. But the same statute which allows him to put in issue his relation to the other makers of the note, and relieves him from any estoppel of the judgment against him as joint maker, permits the appellant to traverse his averments, and to show affirmatively any fact, her coverture for instance, which goes in avoidance of his complaint.

Judgment reversed, with costs, and cause remanded, with instructions to overrule the demurrers to the answers.