Filed May 26, 1887.

------

No. 12,853.

BEVIER ET AL. *v.* KAHN.

NOTICE.— *Summons.*— *When not Necessary on Cross-Complaint.*— It is not necessary to issue a summons on a cross-complaint as against the defendants to the original complaint, where the latter discloses the character of the claim of the cross-complainants, and fairly informs the defendants that such claim will be adjudicated, as it is their duty to take notice without further process of all the proceedings in the cause.

From the Steuben Circuit Court.

*J. A. Woodhull* and *W. M. Brown,* for appellants.

*C. A. O. McClellan* and *D. A. Garwood,* for appellee.

ELLIOTT, J.—The appellee claims title to the land in controversy under a sheriff's sale made upon a decree of foreclosure, and sought by this suit to have his title quieted.

In the complaint filed by the plaintiffs in the foreclosure suit the mortgage sought to be foreclosed was set forth, and it was averred that it was executed by the appellants to secure the payment of two promissory notes; that one of the notes was endorsed to the plaintiffs in that suit by the mortgagee; that the other note was endorsed to Crane, Duncan & Lydecker, and that they " claim thereby an interest in said described land adverse to plaintiffs."

Crane, Duncan & Lydecker filed a cross-complaint setting forth the note assigned to them and asking that the mortgage be foreclosed for their benefit, and that judgment be rendered in their favor. It does not appear that process was issued on the cross-complaint, nor that an appearance was entered by any of the parties except the plaintiffs, but it does appear that by agreement of the parties the cause was submitted to the court for trial, and that a decree was entered declaring the lien of Crane, Duncan & Lydecker to be the prior one and awarding them judgment.

The contention of the appellants is, that there was no service of process on the cross-complaint, nor any appearance, and that the decree in favor of the cross-complainants was void. This contention can not prevail. Our judgment is, that the complaint disclosed the character of the claim of the cross-complainants and fairly informed the appellants that the claim would be adjudicated, and that, for this reason, no process was necessary.

In *Pattison* v. *Vaughan,* 40 Ind. 253, the allegation as to the nature of the claim of one of the defendants was very similar to that contained in the complaint before us, and it was held that it was not necessary to issue a summons on the cross-complaint, the court saying: " We think that as to matters contained in the original complaint, if not in all cases, the defendants to the original complaint, when served

with process thereon, as well as the plaintiff therein, must be regarded as in court for all the purposes of the action, whether the matter in controversy arise upon the original complaint, or upon the answer or cross-complaint." The same general doctrine is maintained in *Lewis* v. *Bortsfield,* 75 Ind. 390, *Nofsinger* v. *Reynolds,* 52 Ind. 218, 224, and *Franklin Life Ins. Co.* v. *Sefton,* 53 Ind. 380, 385. In *Joyce* v. *Whitney,* 57 Ind. 550, there is a statement that, "In so far as the cases of *Pattison* v. *Vaughan,* 40 Ind. 253, and *Fentriss* v. *State, ex rel., etc.,* 44 Ind. 271, appear to be in conflict with this decision, they are overruled;" but it will be found on investigation that the authority of *Pattison* v. *Vaughan, supra,* so far as it bears upon the question here presented, is not impaired. There is, indeed, no real conflict between the decision in *Pattison* v. *Vaughan, supra,* and that in *Joyce* v. *Whitney, supra,* although there may be as to some of the language employed in expressing the opinions.

In the case before us, the complaint showed that the two notes were secured by the same mortgage; that they had been transferred to different parties; that there was a question as to the priority; that the parties were brought into court to settle all such questions; and this was enough to fairly and reasonably apprise the appellants that they were called into a case which could not be determined without the filing of a cross-complaint. It was, therefore, their duty to take notice, without further process, of all the proceedings in the cause.

Judgment affirmed.

Filed May 28, 1887.