DAVIS ET AL. *v.* D. M. OSBORN & COMPANY ET AL.

[No. 19,257.   Filed January 25, 1901.]

PROCESS.—*Return.*—*Justices of the Peace.*—*Judgments.*—Under the provisions of §§1518, 1519 Burns, 1894, a summons issued by a justice of the peace upon the filing of a complaint, made returnable the following day, is void, and a judgment rendered thereon is illegal and void.

From the Harrison Circuit Court. *Reversed.*

*M. W. Funk* and *N. R. Peckinpaugh,* for appellants.
*E. D. Mitchell,* for appellees.

BAKER, J.—Suit by appellants to enjoin appellees from enforcing an alleged judgment rendered by a justice of the

Davis *v.* Osborn & Co.

peace against appellants and in favor of appellee D. M. Osborn & Company. Complaint in two paragraphs. Demurrers to each paragraph for want of facts were sustained. On appellants' refusal to amend, judgment for appellees was rendered. The assignments of error question the correctness of the court's rulings on the demurrers.

Both paragraphs of complaint count on the same cause of action. Inasmuch as the first paragraph does not set forth the facts as fully as the second, the latter alone will be considered.

The facts are alleged to be these: On July 12, 1898, appellee, D. M. Osborn & Company, a corporation, filed with Jasper N. Brown, a justice of the peace of Taylor township, Harrison county, Indiana, a complaint against appellants on an account for $163.52. Thereupon the justice issued the following summons: "State of Indiana, Harrison county, ss: To any constable of Taylor township: You are hereby commanded to summon Robert N. Davis and James N. Davis to appear before me at my office on the 13th day of July, 1898, at 9 o'clock in the forenoon, to answer D. M. Osborn & Company in a complaint wherein they claim the sum of $163.52, and return then and there this writ. Dated this 12th day of July, 1898. Jasper N. Brown, justice, (Seal)." The constable made the following return: "Came to hand 13th day of July, 1898. Served July 13th at 7 o'clock a. m., by reading to one defendant and copy to other. Cyrus A. Brown, constable." The writ was read on the morning of July 13th to appellant James N. Davis. Appellant Robert N. Davis was absent in Kentucky from July 12th to July 14th inclusive, and a copy of the writ was left at his residence. A writ of attachment was also issued, and a quantity of wheat was seized as the property of appellants. The proceedings on July 13th took place as inscribed on the justice's docket: "July the 13th. The constable returned the summons and subpœna indorsed served by reading to one of defendants and by copy on the

other. The subpœna was indorsed served by reading to all the witnesses. The writ of attachment was indorsed served by seizing the property and placing it in the hands of a special guard named James Tilley. The time set for trial having arrived, and the plaintiffs announcing themselves ready, the plaintiffs' attorney proceeded to examine the following witnesses [naming five persons, none of whom was a party to the action] and rested. The defendant James N. Davis, being present, made no defense to account and complaint filed; but said he supposed it was all right, but could not say for sure because he did not have his account book with him. He, however, being sworn, took the stand and stated that he had no property in the wheat attached, but had sold it before the writ of attachment was issued. After hearing all the evidence offered and the admission of one of the defendants, the court finds that $163.52 should be allowed the plaintiffs. It is therefore adjudged by this court that the plaintiffs recover of the defendants the sum of $163.52 with all their costs and accruing costs." On July 16th appellants filed a motion for a new trial with the justice, which he overruled on July 23rd.

This suit for an injunction is a collateral attack, and can not be sustained unless the alleged judgment is an absolute nullity. The subject-matter was within the jurisdiction of the justice. But the appellants contend that the justice never acquired jurisdiction of their persons. A justice can not have jurisdiction over the person of a defendant unless an action has been properly instituted and is pending in his court. Sections 1518, 1519 Burns 1894, §§1450, 1451 R. S. 1881 and Horner 1897, provide: "Suits may be instituted before justices by agreement or process; and the delivery of the process to the officer authorized to serve the same, if by process, and the entry of the fact upon the docket, if by agreement, shall be deemed such commencement; and it shall be the duty of

Davis *v.* Osborn & Co.

such officer to note on such process the date when it came to his hands. Except in cases otherwise provided, such process shall be a summons, specifying a time not less than three nor more than thirty days from the date, and a place at which the defendant shall appear; and in actions founded on contract the justice shall indorse thereon the precise sum demanded and the costs accrued." In this case, the action was not begun by agreement of the parties, noted on the justice's docket. Whether or not an action was legally begun and pending when the alleged judgment was rendered, depends upon the validity of the summons. The summons came to the hands of the constable on July 13th. At 7 o'clock a. m. he served on the defendants the writ whereby they were commanded to appear at 9 o'clock a. m. of the same day. In *Ohio, etc., R. Co.* v. *Hanna,* 16 Ind. 391, and in *Fuller* v. *Indianapolis, etc., R. Co.,* 18 Ind. 91, it was held that a justice's summons, running more than thirty days before return, was a nullity. In the Hanna case, the court said: "The writ in this case was therefore void, and no notice to the defendant. It was operative for no purpose whatever. It did not effect the commencement of a suit. There was, therefore, no action pending against the railroad company, and the motion to dismiss the proceedings, made in the common pleas, should have been sustained." In *Briggs* v. *Sneghan,* 45 Ind. 14, the court said, in relation to a circuit court summons: "The writ in the present case was made returnable to a day beyond the next term. A term intervened between the *teste* and return of the writ. Such a writ would have been void at common law. It is unquestionably void under our statute. It stands as though no writ had been issued. There being no service of process, the judgment rendered by default is illegal and void. To render a personal judgment legal and valid, there must be service of legal process or an appearance. An appearance after a default, and making an unsuccessful motion to set aside the default, and contesting the damages,

will not waive the error in reference to the validity of the summons. *Mills* v. *State*, 10 Ind. 114." There is no difference in principle between making a summons returnable at too late a day and too early a day. In degree, the latter would probably be the more injurious. The justice's summons in this case was void. The case before him stood as though no summons had been issued. There was no action legally instituted and pending when the pretended judgment was entered. The proceedings of July 13th were therefore *coram non judice*. Nothing in the record can be construed into an agreement by the one appellant present that the justice should have jurisdiction, or into the noting of such an agreement on the justice's docket. This is not an instance of a defective summons, which would be cured by §319 Burns 1894, §317 R. S. 1881 and Horner 1897; but is an instance of a paper, in form a summons, beyond the power of the justice to issue, and therefore in law no summons.

Judgment reversed, with instructions to overrule the demurrers to the second paragraph of complaint.