No. 8195.

WILLIAMS ET AL. *v.* FLEENOR.

SURETYSHIP.—*Complaint.—Cross Complaint.—Civil Action.—New Trial.—Change of Venue.*—The complaint of an alleged surety, under sections 674 and 675 of the code, is not a cross complaint. The proceeding upon it is essentially a civil action, in which, separately from the original case, there may be a new trial or change of venue.

SAME.—*Separate Trial.—Appeal.—Dismissal of Principal Case.—Res Adjudicata.—Costs.*—A separate determination of the issue of suretyship is not affected by an appeal from and reversal of the judgment in, and subsequent dismissal of, the principal case. The successful party is entitled to the full benefit of the adjudication on the question of suretyship, and to his judgment for costs.

From the Johnson Circuit Court.

*T. W. Woollen* and *D. D. Banta*, for appellants.
*G. M. Overstreet* and *A. B. Hunter*, for appellee.

WOODS, J.—The appellee brought his complaint against the appellants, alleging the following facts: Washington township, in Brown county, sued William H. Taggart, the

treasurer of the county, and the appellants, the appellee and others as sureties on the official bond of Taggart, and recovered judgment against them in the Brown Circuit Court. Pending the action, the appellants filed their complaint against their co-defendant, Milton Fleenor, the appellee, alleging that they were sureties of Fleenor on said bond, and asking judgment accordingly.

Issue having been joined, the venue of the action between the defendants was changed to the Johnson Circuit Court, where a trial was had, resulting in a finding and judgment against Fleenor upon the said issue of suretyship. Afterward the judgment rendered in the principal action, in the Brown Circuit Court, in favor of the township, was, on appeal to the Supreme Court, reversed; and, on the cause being remanded to the court below, it was dismissed by the plaintiff. Prayer, that the finding and judgment in the proceeding between the defendants, whereby the appellants were declared sureties for the appellee, be declared null and void.

The appellants saved an exception to the overruling of their demurrer to this complaint, and refused to plead further; whereupon the court gave judgment as prayed.

The counsel for the appellee, in their brief, say: "We agree with counsel for the appellants, that the Johnson Circuit Court, which tried the issue of suretyship in the original action, had jurisdiction to try and determine the question, and render a valid judgment, binding the parties to the issue. * * * But the question raised by the demurrer, and now before the court, is, what effect had the reversal of the judgment in the original action on Taggart's bond, and the subsequent dismissal of that action by the plaintiffs therein, on the finding and judgment on the issue of suretyship?" The counsel insist that the true answer to this inquiry is, that the issue of suretyship is so connected with, and dependent upon, the main action, that it must stand or fall with that action. We do not concur in this proposition.

The law governing the subject is contained in 674th and 675th sections of the civil code of 1852 (Civil Code of 1881, secs. 738, 739), which read as follows:

"Sec. 674. When any action is brought against two or more defendants upon a contract, any one or more of the defendants being surety for the others, the surety may, upon a written complaint to the court, cause the question of suretyship to be tried and determined, upon the issue made by the parties, at the trial of the cause, or at any time before or after the trial, or at a subsequent term; but such proceedings shall not affect the proceedings of the plaintiff.

"Sec. 675. If the finding upon such issue be in favor of the surety, the court shall make an order directing the sheriff to levy the execution first upon and exhaust the property of the principal, before a levy shall be made upon the property of the surety; and the clerk shall endorse a memorandum of the order on the execution."

The first of these sections authorizes a judicial determination or judgment of the fact involved in the issue of suretyship; and, if the issue be determined in favor of the alleged surety, the second section requires the court to make an order directing the sheriff first to levy upon and exhaust the property of the principal debtor. It is manifest that, if the plaintiff in the principal case fail to obtain judgment, or dismiss his action, an order of the court for the control of the execution in favor of the surety would be nugatory and inoperative. It by no means follows, however, that the judgment, whereby the fact of suretyship itself has been determined between the parties to the issue, must be disturbed on account of the fate of the main case, whatever it may be. The principal purpose and benefit of the procedure, in a legal sense, and often in practical results, is to settle the question of suretyship only, as authorized by the first of the sections quoted. The order concerning the levy of the execution may be useless in some cases, and in any case it is

only an incident consequent on the determination of the issue, if found in favor of the alleged surety. But, if it be found in favor of the other party, he is entitled to a judgment on the finding, which, otherwise, would determine nothing. And, whether found and adjudged in favor of one party or the other, we perceive no reason why, when the issue has been once fairly tried and determined, the judgment should not stand, irrespective of the subsequent fate or disposition of the original or principal action. By the terms of the law, the contest between the defendants may be determined "at the trial of the cause, or at any time before or after the trial, or at a subsequent term; but such proceedings shall not affect the proceedings of the plaintiff." So that, while the complaint of the alleged surety thus provided for is filed in the principal action, the proceedings and the trial to be had upon it may constitute essentially an independent and separate action; and, whether conducted separately or tried together, the issues in the two actions are distinct, the judgments rendered are in no way dependent the one upon the other, and the validity or force of either should not, therefore, be made to depend on the other.

In the absence of a statutory rule to the contrary, it may be conceded that a cross complaint or counter-claim will be taken out of court by a dismissal of the original bill. But the pleading filed by a surety is not a cross complaint. By the law which authorizes it, it is called a complaint, and it does not perform the functions, nor partake of the nature, of a cross bill except in respect to the single fact that it is brought by a defendant to the original complaint. There is, therefore, as it seems to us, no legal, logical or reasonable ground for holding that the reversal of the judgment in the original action, or the subsequent dismissal of that action, had any effect upon the judgment rendered upon the separate issue between the defendants. The latter judgment did not contain any order directing the levy of the execution

first upon the property of the principal debtor. If there had been such an order, it would have become inoperative upon the dismissal of the main case. The judgment did determine the question of suretyship between the parties, and incidentally it was adjudged in favor of the appellants, that they recover their costs expended upon the trial of the issue. These they were justly entitled to recover; but if they can not retain their judgment upon the issue which was tried, then, without being put in the wrong, and with a record free from error, they lose their own costs, must be adjudged to pay the costs of their adversaries, over whom they had rightfully prevailed, and submit to a dismissal of their complaint, which in itself was good, and was filed and prosecuted according to the ordinary rules of practice, and in the manner prescribed by the statute, to a final and favorable judgment.

Notwithstanding the concession of counsel for the appellee concerning the jurisdiction of the Johnson Circuit Court to try the issue of suretyship, under the circumstances shown in the record, the suggestion has been made, that the proceedings between co-defendants to try that issue is not a civil action, but a special statutory proceeding, and hence that there can not be a change of venue therein except in connection with the principal case, and therefore the said court did not acquire jurisdiction.

The statutory action upon the complaint of an alleged surety is special, as already stated, only in the fact that the complaint must be filed in a pending, principal case; but once the complaint has been filed, there is in the proceedings nothing peculiar or specially different from the ordinary civil action. Summons must be issued and served, unless waived, issues may be formed, and a jury trial had in all respects as in the ordinary action of the code. A new trial may be granted, and an appeal may be taken. *Houston* v. *Bruner*, 39 Ind. 376; *Core* v. *Wilson*, 40 Ind. 204.

The case of *Boys* v. *Simmons*, 72 Ind. 593, involved an entirely different question from the one now presented, and is not authority for the proposition, that once the surety has filed his complaint in the main action, as required by the code, the proceedings thereon must continue in and be determined in the same court which renders the final judgment in the principal case. There may certainly be a change of venue in the principal case, and if it should occur after the question of suretyship had been tried and determined in the court where the action had been commenced, the necessary consequence would be a judgment in one court in the case between the defendants on the question of suretyship, and a judgment in another court upon the issues in the principal case. This being so, there seems to be no valid reason why the same result may not come from a change of venue in the case on the complaint of the alleged surety. There is, to say the least, nothing local in the jurisdiction over such an issue, which makes it necessary that the trial shall be in one circuit court rather than another. It is plain under the law, that under some circumstances the two cases may be tried in different courts. It is not therefore a question of jurisdiction over the subject-matter, and if, as in this case they did, the parties appear and voluntarily submit the issue for trial, without objection, it can not be said on appeal that the jurisdiction of the court was not perfect.

The proceeding supplementary to execution, which, by force of recent decisions, has been put substantially on the basis of an ordinary civil action (see *McMahan* v. *Works*, 72 Ind. 19, and cases cited), can not well be said to be less special and statutory, or more like the ordinary action, than the proceeding between co-defendants to try the question of suretyship. It may be noted that our decision in this case has reference to the trial of the issue of suretyship between co-defendants, and it is not to be inferred from anything said, that one of two or more co-obligors in a written con-

tract may not, independently of the statutory provision, and without waiting for an action upon the paper by the holder, bring a suit against his co-obligors for the purpose of trying and determining the question of suretyship.

The judgment of the circuit court is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer of the appellants to the complaint.