McTaggart v. Dolan.

No. 9370.

## McTaggart v. Dolan.

PROMISSORY NOTE.— *Principal and Surety.— Agreement.— Consideration.— Mortgage.—Release.— Judgment.— Execution.*—M. and D. executed their joint note to another, D. being in fact surety of M. Afterwards, in consideration that M. execute with D. a release of a mortgage held by both against another party, D. agreed to pay the note. D. received from the mortgagor lands to the amount of the mortgage so released; but liens on these lands were afterwards discovered which D. was compelled to pay, equal in amount to the price at which he took the lands, and therefore he never delivered the release to the mortgagor.

*Held,* that the agreement of D. to pay the note was founded on a sufficient consideration; that there was no failure of that consideration, and the agreement of D. with M. to pay the note so changed their relations that, in equity, M. became the surety of D.

*Held,* also, that, in a suit against both on the note, M. might establish the facts and obtain an order under the statute (R. S. 1881, section 1212), that execution on the judgment should be first levied on D.'s property.

From the Cass Circuit Court.

*J. W. McGreevy, D. B. McConnell* and *C. B. Lasselle,* for appellant.

*M. Winfield* and *Q. A. Myers,* for appellee.

MORRIS, C.—Alexander R. Shroyer commenced a suit against the appellant and the appellee, upon a note executed by them to him for $400. The suit was originally brought in the court of the city of Logansport, and afterwards appealed to the circuit court.

The appellant filed an answer to the complaint of Shroyer, admitting the execution of the note, and that it was unpaid. He also filed a cross complaint, in which he alleged that, after the execution of the note by him and his co-defendant Dolan, as stated in the complaint, on the 29th day of August, 1876, the said Dolan, in consideration that he (McTaggart) would then execute with Dolan a receipt in writing, which he did execute with said Dolan, releasing the sum of $600 due upon a mortgage on certain real estate in the city of Logansport,

before that time executed by one Laughlin to them to indemnify them as sureties on certain liabilities of said Laughlin, and which sum of $600 said Dolan had, before that time, received and appropriated to his own use by the purchase and sale of certain property belonging to said Laughlin, and which he should have applied on said note and mortgage, agreed with the appellant to assume and pay the note sued on; that appellant could not produce said receipt, for the reason that the same had been left by Laughlin in the possession of Dolan; that, by said agreement, Dolan became in equity liable on the note in suit as principal, and that he, McTaggart, became liable as surety for said Dolan. The prayer is that the judgment recovered on the note may be first made of the property of Dolan, etc.

Dolan filed a demurrer to this cross complaint, which was overruled. Judgment was rendered on the note in favor of the plaintiff below, Shroyer, and against McTaggart and Dolan, and continued as to the parties to this appeal.

Dolan answered the cross complaint of McTaggart in four paragraphs, to the third and fourth of which McTaggart demurred. The demurrer was overruled as to the third and sustained as to the fourth paragraph. The appellant excepted to the overruling of his demurrer to the third paragraph of the answer.

The appellant replied by a general denial to the appellee's answer to the cross complaint. The cause was submitted to a jury who found for the appellee. The appellant moved for a new trial. The motion was overruled, and judgment entered declaring the appellant principal and the appellee surety on the note sued on.

The errors assigned are that the court below erred in overruling the appellant's demurrer to the third paragraph of the appellee's answer to his cross complaint, and in overruling his motion for a new trial.

The appellee insists that this appeal should be dismissed, for the reason that the record shows that judgment was ren-

dered on the note in favor of Shroyer against McTaggart as principal and Dolan as surety, and for the further reason that Shroyer is not made a party to the cross complaint of the appellant.

As to the first point, the appellee is mistaken. The record shows that Shroyer took his judgment at the February term, 1878, against both the makers, and it is expressly stated at the conclusion of the entry of the judgment, that the question of suretyship between the makers is left open. If Shroyer was not formally a party to the cross complaint, the fact will not authorize a dismissal of the appeal.

The question discussed by counsel, and it is the only question in the case, is, did the court err in overruling the appellant's demurrer to the third paragraph of appellee's answer to his cross complaint.

The answer states, that the appellant and appellee were sureties on certain obligations of Daniel Laughlin, and that, to indemnify them as such sureties, they took from Laughlin his note, secured by a mortgage on real estate in Logansport, for $600; that the appellee and appellant were liable as sureties of Laughlin, in the sum of $800, one-half of which was to be borne by each; that Dolan paid his half of the $800, and the appellant borrowed the $400 for which the note in suit was given, and that the appellee signed it as surety; that the appellee afterwards purchased property of Laughlin, for which he was to pay $600; that it was agreed that he should pay the note sued on with a part of the $600, he also agreeing to procure a receipt for the amount to be executed by him and McTaggart, to apply in discharge of the mortgage held by Dolan and McTaggart as indemnity; that McTaggart agreed to and did execute such receipt, in consideration that the appellee would pay the note in suit; that McTaggart knew that the consideration for the receipt was the $600 of purchase-money in appellee's hands; that, before the delivery of the release or receipt to Laughlin, the appellee discovered that there were unpaid taxes and unsatisfied liens upon the property

purchased by him of Laughlin, exceeding in amount the $600 which he was compelled to pay ; that he had, after paying such liens, nothing in his hands with which to pay said note ; that he destroyed said receipt or release, and that said indemnity mortgage, so released, is still in force and unsatisfied, and still exists as indemnity against the liability of the appellant as the surety of said Laughlin ; that the consideration of the appellee's promise to pay the note has, therefore, failed.

The demurrer raises the following questions :

*First.* Was the agreement on the part of the appellee, as stated in this paragraph, founded upon a sufficient consideration ?

*Second.* Has the consideration, if any, failed ?

*Third.* If there was a sufficient consideration for the appellee's promise, and it has not failed, what is its effect upon the relations of the parties to the note in suit ?

*First.* The agreement of the appellant to release his interest in the indemnity mortgage held by him and the appellee upon the property of Laughlin, was clearly a sufficient consideration for the promise of the appellee to assume and pay the note given by the parties to Shroyer, whether the appellant was principal in said note or not. This is hardly denied by appellee's counsel. The execution and delivery of the release or receipt by the appellant to the appellee, which is admitted by the answer, was a complete execution of the contract on the part of the appellant.

*Second.* The appellant having executed the contract on his part by a delivery of the stipulated release, there could be no failure of the consideration. It was the execution of the release by the appellant, not the money which the appellee owed Laughlin, that constituted the consideration of the appellee's promise to pay the note due to Shroyer. The consideration which passed between Dolan and Laughlin was a matter between them, with which the appellant has nothing to do and for the failure of which he was not responsible.

The destruction of the release was the work of the appel-

lee, and, unless assented to by the appellant, could not affect his rights. Had it been averred that after knowledge of its destruction, the appellant had, by suit to foreclose or otherwise, asserted a right to the mortgage released, a different question would be presented. There is no such averment in this paragraph. It is not shown, we think, that the consideration for the appellant's promise to pay the note executed by the parties to Shroyer had failed.

Did the agreement of the appellee to pay the note sued on change the relation of the parties to the note, and was the plaintiff below bound, after notice of the facts, to recognize their relations if changed?

Counsel for the appellee say:

"The agreement upon which the appellant relies does not make him surety, and, therefore, he is not entitled, in the first instance, to be declared surety by a cross complaint; he simply holds an agreement, by the terms of which Dolan is to pay the note in suit. It not being a part of the original transaction, it can not be made the subject of a cross complaint in this action."

In the case of *Williams* v. *Fleenor*, 77 Ind. 36, it was held that the complaint of a surety, under secs. 674 and 675 of the code, is not a cross complaint. The object of the proceedings is to ascertain the relations of the makers of the note, as between themselves, to it and to each other. The instrument determines, usually, their relations to the payee. As to him, all the makers are principals, unless it is otherwise provided in the instrument; but, while this is the case, equity will oblige the payee to recognize and act with reference to the equitable relations, when ascertained, of the parties liable on the instrument. The trial of the question of suretyship proceeds between the parties to that question, and when, as between them, their relations are determined, the court, by its judgment, settles the order in which the judgment plaintiff shall proceed on execution. The liability of the makers to

the payee may be determined at one time and the question of suretyship at another. If, through the agreement of the makers of the note in suit, their relations to it became changed, so that the appellee in equity became the the principal debtor and the appellant his surety, it was competent for the court to so adjudge in this action, and, upon ascertaining the fact, provide that execution upon the judgment previously rendered in favor of Shroyer should be first levied of the property of the appellee.

In the case of *Colgrove* v. *Tallman,* 67 N. Y. 95, it was held that when an agreement had been made upon the dissolution of a co-partnership between two persons, that one of the partners should take the partnership property and pay the partnership debts, the partner agreeing to pay the firm debts became the principal debtor and the other his surety, and that a creditor having notice of the agreement was, in equity, bound to observe it.

Brandt on Suretyship, sec. 23, says: " When one member of a partnership retires from the firm, and the remaining members agree with him to pay the firm debts, and these facts are known to the creditor, the member so retiring will be considered, in law, a surety."

In such and all similar cases an agreement upon sufficient consideration, made subsequent to the creation of the debt and the note or instrument securing it, changes the relation of the debtor or debtors to the instrument or debt. *Williams* v. *Boyd,* 75 Ind. 286, and cases there cited.

We think the cross complaint of the appellant sufficient; that the third paragraph of the answer was bad, and that the demurrer to it should have been sustained.

Though the release by the appellant of the Laughlin mortgage extinguished his interest in it, it does not follow that it is to be deemed satisfied as to Laughlin. Equity may keep it alive for the benefit of the appellee.

PER CURIAM.—It is ordered by the court, upon the fore-

going opinion, that the judgment below be reversed, at the costs of the appellee, with° instructions to the court to sustain the appellant's demurrer to the third paragraph of the appellee's answer, with leave to the appellee to amend his answer.