Griffith, Administrator, *v.* Dickerman *et al.*

|123 247|
|130 355|

No. 15,183.

## GRIFFITH, ADMINISTRATOR, *v.* DICKERMAN ET AL.

CHANGE OF VENUE.—*Second Change.*—*Application for by Cross-Complainant.*
—Where a change of venue has been granted on the application of one
of several defendants, it is not error to refuse a second change applied
for subsequently by another defendant, who filed his separate answer
before the venue was changed, and after it was changed filed his cross-
complaint, although he alleges that his interests are adverse both to the
plaintiff and defendants, and makes the application both as defendant
and cross-complainant.

From the Wabash Circuit Court.

*J. Mitchell, M. H. Kidd* and *N. G. Hunter,* for appellant.

*C. E. Cowgill, H. B. Shively* and *H. C. Pettit,* for appel-
lees.

BERKSHIRE, J.—This cause originated in the Miami Cir-
cuit Court, and on the application of the appellee Henry J.
Dickerman, who was one of the defendants below, the venue
in said cause was changed to the Wabash Circuit Court.

The action was bottomed upon a certain note, and a mort-
gage given to secure the same, executed by the appellees,
Henry J. Dickerman, Jasper H. Dickerman, and William
Dedrick, to the appellee David B. Lower, who was the sole
plaintiff below.

The appellant, and one Harrison Grimes, who is one of
the appellees, were made defendants to the action, to answer
as alleged junior incumbrancers. Before the venue was
changed from the Miami Circuit Court the appellant filed
his separate answer to the complaint, and after the Wabash
Circuit Court had obtained jurisdiction of the cause he filed
his separate cross-complaint.

After filing his cross-complaint the appellant applied for
a change of venue from the county of Wabash.

He alleged in his affidavit that his interests were adverse

both to the plaintiff and the principal defendants in the action, and that because of local prejudices an odium attached to his cause of action, and likewise to his defence to the complaint.

The court overruled the application, and the appellant reserved a proper exception.

Afterwards the cause was submitted to the court for trial, and thereafter a finding was returned by the court in favor of the appellee Lower as against the appellant as to the issues joined upon the complaint and upon his cross-complaint.

The appellant filed a motion for a new trial, which the court overruled, and he saved an exception, and thereafter the court rendered judgment upon its finding.

The only error assigned is the alleged error of the court in overruling the motion for a new trial, and the only question presented to this court for its consideration is the ruling of the court below in refusing to change the venue in said cause upon the appellant's application from the county of Wabash.

In our opinion the court did not err in overruling the appellant's said application.

The defendants having had the benefit of one change of venue as provided in clause 3, section 412, R. S. 1881, had thereby exhausted all benefits conferred under that clause of the section. The case of *Peters* v. *Banta*, 120 Ind. 416, is decisive of the question. The only difference between the application in that case and the one before us, is, there the defendant making the application, although she had a cross-complaint on file, asked for the change as a defendant, and not as a cross-complainant. While in this case, as we have seen, the application was made both as a defendant and cross-complainant. But in that case, and in this, the applicant had separate answers on file, and her separate cross-complaint was before the court.

In the case before us the subject-matter of the cross-complaint was so connected with the main action and the subject-matter of the complaint that the one could not be tried and

disposed of separately and apart from the other, therefore to have granted the appellant the change of venue asked for must have necessarily carried the whole case with it, and the result would have been to confer upon the defendants two changes of venue from the county.

The case of *Williams* v. *Fleenor,* 77 Ind. 36, is not in point, and in its reasoning supports the conclusion which we have reached.

There a suit had been brought on a county treasurer's bond, and some of the sureties to the bond claimed that the relation of principal and surety existed between them and other sureties to the bond, and filed a complaint of surety-ship under the statute to have that question tried and determined.

After issue joined upon the complaint alleging suretyship, upon application made, the venue as to the complaint of suretyship, and the issues thereon joined, was changed from the county of Brown to the county of Johnson. In that case it is said : " So that, while the complaint of the alleged surety thus provided is filed in the principal action, the proceedings and the trial to be had upon it may constitute essentially an independent and separate action ; and, whether conducted separately or tried together, the issues in the two actions are distinct, the judgments rendered are in no way dependent the one upon the other, and the validity or force of either should not, therefore, be made to depend on the other. In the absence of a statutory rule to the contrary, it may be conceded that a cross-complaint or counter-claim will be taken out of court by a dismissal of the original bill. But the pleading filed by a surety is not a cross-complaint. By the law which authorizes it, it is called a complaint, and it does not perform the functions, nor partake of the nature, of a cross-bill except in respect to the single fact that it is brought by a defendant to the original complaint. There is, therefore, as it seems to us, no legal, logical, or reasonable ground for holding that the reversal of the judgment in the original action, or the

subsequent dismissal of that action, had any effect upon the judgment rendered upon the separate issue between the defendants."

What would be proper practice in an action of foreclosure where a junior encumbrancer makes no contest with the plaintiff, but files his cross-complaint against the principal defendants, is a question not before us for decision. That would be a case more like the case of *Williams* v. *Fleenor, supra.*

The appellee Lower contends that there was no available error in the ruling of the court, for the reason that the issues presented were not triable by a jury, and, therefore, the appellant was not injured because of the ruling of the court. Upon that question we at this time express no opinion.

Judgment affirmed, with costs.

Filed April 9, 1890.