Bowman, Administrator, et al. *v.* The Citizens' National Bank et al.

[No. 2,972. Filed Jan. 24, 1900. Rehearing denied June 7, 1900.]

Decedents' Estates.—*Executors and Administrators.—Claims.— Complaint.—Parties.*—Available error cannot be predicated upon the action of the court in overruling a demurrer to an amended complaint filed by a claimant upon transfer of claim to the issue docket because of the failure of the complaint to name the administrator as a party, since the administrator became a party by operation of law. *p. 42.*

Bowman *v.* Citizens' Nat. Bank.

PRINCIPAL AND SURETY.—*Bills and Notes.*—*Pleading.*—*Answer.*—An answer, in an action on a promissory note, pleading suretyship and seeking a discharge of surety because of the extension of time of payment, must state the contract, including the promise and consideration, in such manner that the court may determine from the facts whether it is such a contract as precludes the creditor from enforcing payment against the principal until a specified period has expired   *pp. 43, 44.*

SAME. — *Executors and Administrators. — Claims. — Amended Complaint.—Cross-Complaint.—Process.—Jurisdiction.*—Where a claim against a decedent's estate was transferred to the issue docket, and amended by making another person bound with the decedent in the contract a defendant in the action, and such defendant appeared and filed a cross-complaint, setting up his suretyship for decedent, and the administrator appeared and demurred to the amended complaint and was present by attorneys at the trial, the court had jurisdiction of the administrator upon the cross-complaint, although no process was issued thereon.  *pp. 44-54.*

From the Delaware Circuit Court. *Affirmed.*

*R. S. Gregory, A. C. Silverburg, O. J. Lotz, F. Ellis* and *J. T. Walterhouse,* for appellants.

*C. G. Renner, J. C. McNutt* and *E. M. White,* for appellees.

BLACK, J.—A claim was filed in the office of the clerk of the court below by the appellee The Citizens National Bank of Martinsville, Indiana, against the estate of George L. Lenon, deceased, upon a joint and several promissory note signed by the decedent and the appellant Richard Sedgwick and the appellee Charles A. Ramsey. The claim, upon the filing thereof, was docketed in the appearance docket. Afterward, the claim not having been allowed by the administrator, it was transferred and docketed in the issue docket as a case pending under the number 11,047. The title, or caption, of the statement of claim, as originally filed, was as follows: "State of Indiana, Delaware County, ss. Estate of George L. Lenon, deceased, in account with Citizens' National Bank of Martinsville, Indiana. Dr." In the statement, amongst other things, a credit was alleged by way of payment on the note by "B. C. Bowman, Adm. of estate of George L. Lenon," etc.

The claimant filed in the court below a verified petition for leave to amend its claim by making said Sedgwick and Ramsey defendants. In this petition, it was alleged, amongst other things, that the action was one to collect a joint and several promissory note executed by George L. Lenon, in his lifetime, Richard Sedgwick and Charles A. Ramsey; that said note was the basis of the action; that it was due and unpaid; and that after the death of said Lenon, one Benjamin C. Bowman had been duly appointed administrator with the will annexed of his estate. The filing of the claim against the estate was alleged, and it was stated that it was not allowed by said administrator for the reason that Sedgwick and Ramsey were jointly liable, whereupon the claim was transferred to the issue docket, etc.

Thereupon, the court ordered that the "claim be and the same is hereby amended by making said Sedgwick and Charles A. Ramsey parties," etc., and the clerk was ordered to issue process against them. Thereupon, the claimant filed an amended complaint, wherein, amongst other things, it was alleged that the note was made payable to the order of "J. T. Cunningham, P't.," and that before it became due, he, for a valuable consideration, indorsed it to said bank by writing his name across the back, a copy of this indorsement and a copy of the note being set out; also, a copy of the credits indorsed upon the note, one of them purporting to be "by B. C. Bowman, Adm. Est. G. L. Lenon." Otherwise there was no reference to the administrator in the amended complaint, which did not mention the death of said Lenon. In the captions of the petition and the amended complaint, the defendants were named as George L. Lenon, Richard Sedgwick and Charles A. Ramsey. Thereafter, Bowman, administrator, filed his demurrer to the amended complaint for want of sufficient facts, stating in the title of the demurrer the names of the defendants as "George L. Lenon, Richard Sedgwick, et al." In the body of this demurrer, it was stated: "In case numbered 11,047, and entitled as above,

Benjamin C. Bowman, administrator with the will annexed of the estate of George L. Lenon, deceased, separately and severally, as such administrator, demurs," etc. The court overruled this demurrer.

Later, the defendant Ramsey filed his answer in four paragraphs, and also filed his cross-complaint in three paragraphs against Bowman, administrator, Sedgwick, and the claimant, naming the defendants in the title of the answer as "Bowman et al." and in the title of the cross-complaint as "Benjamin C. Bowman, administrator, et al."

The defendant Sedgwick filed his separate answer to the amended complaint, setting out in the title of the answer, as the names of the defendants, the names of the three signers of the note. The claimant demurred to the third paragraph of the separate answer of Sedgwick, setting out in the title of the demurrer, as the names of the defendants, "Geo. L. Lenon, B. C. Bowman, Adm. et al." The court sustained this demurrer to the third paragraph of the answer of Sedgwick.

Afterward, the court entered a rule against the defendants Bowman, administrator, and Sedgwick to answer the cross-complaint of Ramsey. Upon failure of the administrator and Sedgwick to discharge the rules against them, to answer Ramsey's cross-complaint, the administrator and Sedgwick were called and defaulted, and the matter upon the cross-complaint was submitted to the court, and the court found in favor of Ramsey upon his cross-complaint and adjudged that he was only a surety of said George L. Lenon, deceased, on the note in suit, and that the property of the estate pay the note and be exhausted before levying upon the property of Ramsey.

Afterward, at the same term, the plaintiff and "the defendant" being present by their attorneys, there was a trial by the court, without a jury, and the court "having heard all the evidence and being fully advised in the premises" found for the plaintiff against the defendants, "Benjamin

C. Bowman, administrator with the will annexed of the estate of George L. Lenon, deceased, Richard Sedgwick and Charles A. Ramsey, on the note sued on," etc.; and further found that said Ramsey executed the note sued on as surety only, etc.,' and final judgment was thereupon rendered, against the administrator as such and his codefendants, with an order for the enforcement of the judgment against the decedent's estate before levying on the property of Ramsey. This appeal is brought by Bowman, as administrator, and Sedgwick against the claimant and Ramsey.

On behalf of the administrator, Bowman, it is contended that the court erred in overruling his demurrer to the amended complaint, the objection to the pleading urged in argument being, in effect, that he was not named in the amended complaint, which was in the form of a complaint against the three makers of the note as if they were all in life.

The complaint certainly was defective in form; but upon the whole record before us we can not, upon such ground, treat the overruling of the administrator's demurrer to it as a reversible error. The proceeding was initiated against the estate by the filing of the claim and its entry on the appearance docket as required by the statute. When these things had been done the action was commenced. It was not necessary in the statement of the claim so filed and entered to name the administrator. He became a party by operation of law and was bound to take notice of the filing of the claim without summons or other notice. §§2473, 2474 Burns 1894, §§2318, 2319 Horner 1897; *Taggart* v. *Tevanny,* 1 Ind. App. 339. If the claim be not admitted by the administrator, it must be transferred to the issue docket for trial as other civil actions, and it is the duty of the administrator to make all available defenses. §§2474, 2477 Burns 1894, §§2319, 2322 Horner 1897.

In the petition to make additional parties, the granting of which made the occasion for the filing of the amended

complaint, the appointment of the administrator was alleged, and the steps which had been taken in the proceeding upon the claim were recited. The administrator, as such, appeared, as was his duty, and defended in the trial court, and the final judgment was rendered, not against the deceased maker of the note, but against the administrator, as such. The various namings of the defendants, though technically wrong, produced no substantial detriment. See *Boyl's Adm.* v. *Simpson,* 23 Ind. 393; *Niblack* v. *Goodman,* 67 Ind. 174; *McConahey's Est.* v. *Foster,* 21 Ind. App. 416.

In the third paragraph of the answer of the defendant Sedgwick, to which the demurrer of the complainant, the bank, was sustained, it was alleged that Sedgwick executed the note in suit as surety only, and not otherwise, and received no part of the consideration therefor, and that the plaintiff, for a valuable consideration, and without the consent of said surety, extended and postponed for a definite time, the time of the maturity of said note while the holder thereof, and before the maturity thereof, to the principal thereof, and with full knowledge of the foregoing facts.

Upon the face of the note the three signers thereof were joint and several makers, without any indication of the suretyship of any of them. The answer of Sedgwick does not show for whom he was surety, or who received the consideration, or to which of the makers the extension of time was given. The pleading does not show by the averment of facts what consideration was given or promised for the extension of time. It is said that, before the maturity of the note, the time of its maturity was extended. If this is equivalent to a statement that the time of payment was extended beyond the maturity of the note, yet the period of extension, or the time to which payment was extended, is not stated. If the pleading shows that the plaintiff knew that Sedgwick was a surety, it does not show that the plaintiff knew who was Sedgwick's principal.

The statement that the extension was given for a valuable consideration is a statement of a conclusion of law. The particular facts constituting the consideration should be stated in such a pleading, it being for the court to determine from the facts pleaded whether they constitute a consideration legally sufficient to support the promise. *Brush* v. *Raney,* 34 Ind. 416; *Leach* v. *Rhodes,* 49 Ind. 291; *Wheeler* v. *Hawkins,* 101 Ind. 486; *Marshall* v. *Aiken,* 25 Vt. 328; *Boyd* v. *Cochrane,* 18 Wash. 281, 51 Pac. 383.

It is alleged in the answer that the plaintiff extended and postponed, for a definite time, the time of the maturity of the note, but what facts effected such a result are not shown. What promise or agreement was made is not stated. If it was a promise in terms to extend "for a definite time," it would not have the effect of preventing the holder from suing, for any particular period; and unless the pleading state facts which would have such legal effect, it is insufficient. When a surety seeks his discharge because of extension of time of payment, he relies upon the existence of a collateral contract between his principal and his creditor, and he should state the contract, including the promise and the consideration, so that when the facts pleaded are considered by the court it may be regarded as such a contract as will release a surety, such a contract as precludes the creditor from enforcing payment against the principal until a specified period has expired. *Menifee* v. *Clark,* 35 Ind. 304. There was no error in sustaining the demurrer to this paragraph of answer.

No question is presented relating to the form of the judgment, and no matter other than those disposed of above is before us affecting the recovery in favor of the bank against all the defendants.

In Ramsey's cross-complaint, he set up his suretyship for Lenon, the decedent, alone, and sought to have the assets of the estate in the hands of the administrator applied first upon the judgment, before resort to the property of the

cross-complainant. It is claimed under proper assignments of error that the court did not have jurisdiction of the person of the administrator or of Sedgwick as to the cross-action and cross-complaint of Ramsey, because there was no process issued upon the cross-complaint, and neither of the appellants appeared to it. No judgment was rendered against Sedgwick upon the cross-complaint, but it was found thereunder that Ramsey was surety for Lenon alone, and the judgment by default in favor of Ramsey on his cross-complaint was that he was such surety and that the property of the decedent's estate be first exhausted before levying upon the property of Ramsey.

Our statute relating to decedents' estates provides that no action shall be brought against any executor or administrator and any other person or persons, upon any contract executed jointly, or jointly and severally, by the deceased and such other person or persons, but the holder of said contract shall enforce the collection thereof against the estate of the decedent only by filing his claim against the estate. Provision is also made by the statute whereby, if the claim be not admitted by the executor or administrator, it shall be transferred to the issue docket and shall stand for trial as other civil actions pending in the court. It is further provided that when any claim is transferred for trial, it shall not be necessary for the executor or administrator to plead any matter by way of answer, except a set-off or counterclaim, to which the plaintiff shall reply; but if the executor or administrator plead any other matter by way of defense, the claimant shall reply thereto.; and if it be shown to the court that any person is bound with the decedent in any contract which is the foundation of the claim, the court shall direct that the claim be amended by making such person a defendant in the action, and process shall be issued against and served upon him, and thereafter the action shall be prosecuted against him as a codefendant with the executor or administrator, and judgment shall be rendered accord-

ingly. §§2466, 2474, 2479 Burns 1894, §§2311, 2319, 2324 Horner 1897.

In our code of civil procedure, it is provided, that when an action is brought against two or more defendants upon a contract, any one or more of the defendants being surety for the other, the surety may, upon a written complaint to the court, cause the question of suretyship to be tried and determined upon the issues made by the parties, at the trial of the cause, or at any time before or after trial, or at a subsequent term; but such proceeding shall not affect the proceedings of the plaintiff; and if the finding upon such issue be in favor of the surety, the court shall make an order directing the sheriff to levy the execution, first, upon and exhaust the property of the principal, before a levy shall be made upon the property of the surety; and the clerk shall indorse a memorandum of the order on the execution. §§1226, 1227 Burns 1894, §§1212, 1213 Horner 1897.

The statute providing for the determination of the question of suretyship does not deprive the surety of his rights, as such, existing at common law and in equity; and if the question is not determined by judgment in the manner provided for in the statute, it may be subsequently determined and the proper remedy may be obtained, as between the defendants, by proper proceedings. The statutory method of determining the question of suretyship is only exclusive in cases where the surety seeks to avail himself of a purely statutory remedy. *Gipson* v. *Ogden,* 100 Ind. 20; *Montgomery* v. *Vickery,* 110 Ind. 211; *Douch* v. *Bliss,* 80 Ind. 316; *Bliss* v. *Douch,* 110 Ind. 296.

In *Leaman* v. *Sample,* 91 Ind. 236, it was held that where one of two sureties made an issue that he was surety, and judgment went for him on that issue, there being no issue between him and his co-surety, this did not conclude his co-surety as to whose suretyship there had been no adjudication, who afterward paid the judgment and sued to compel contribution. See *Gipson* v. *Ogden,* 100 Ind. 20, 25.

It was not adjudged in the case before us that Ramsey was a surety for Sedgwick, nor was the question whether or not Sedgwick was surety for Lenon determined in the cause, nor was there any judgment or order against him of which he appears to have reason to complain.

The question presented as between the administrator and Ramsey is not free from difficulty, and we have not been aided by any argument on behalf of Ramsey.

Until the question of suretyship is judicially determined, defendants in a judgment will be deemed primarily liable thereon. *Montgomery* v. *Vickery,* 110 Ind. 211; *Knopf* v. *Morel,* 111 Ind. 570, 573; *Voss* v. *Lewis,* 126 Ind. 155, 157.

In *Knopf* v. *Morel,* 111 Ind. 570, the judgment on the note had been taken against all the defendants, upon default, and the question of suretyship was not in issue. It was said by the court, that jurisdiction of the complaint of the plaintiff does not in itself authorize an adjudication upon the rights of the defendants among themselves; that jurisdiction to determine the rights of the plaintiff as against the defendants is not jurisdiction to determine the rights of the defendants on the question of suretyship; that the question of suretyship so far as it affects the rights of the debtors as between themselves is an independent one, and is not, as a general rule, determinable upon the complaint of the plaintiff.

In *Joyce* v. *Whitney,* 57 Ind. 550, the codefendants of the defendant, who by his cross-complaint pleaded suretyship, had been defaulted before the filing of the cross-complaint. It was said by the court that the complaint of the surety in such a case is a new and original proceeding, independent of the proceeding of the plaintiff. It was further said: "If the other defendants are present in court, in person or by attorney, at the time of the filing of the surety's complaint, and have actual knowledge thereof, then such complaint might be 'tried and determined,' if the parties were ready, with the original action."

In *Pattison* v. *Vaughan,* 40 Ind. 253, it was held that as to matters contained in the original complaint, if not in all cases, the defendant to the original complaint, when served with process thereon, must be regarded as in court for all the purposes of the action, whether the matter in controversy arise upon the original complaint or upon the answer or cross-complaint; and no further process is necessary even against a defendant already defaulted.

It was said in *Bevier* v. *Kahn,* 111 Ind. 200, 202, that there is no real conflict between the decision in *Pattison* v. *Vaughan, supra,* and that in *Joyce* v. *Whitney, supra,* although there may be some in the language employed in expressing the opinions. See, also, *Jenkins* v. *Newman,* 122 Ind. 99, 102.

In *State* v. *Ennis,* 74 Ind. 17, the codefendant of the cross-complainant was defaulted upon the complaint of the plaintiff as well as upon the cross-complaint, and made no appearance in the action at any stage thereof.

So, in *Swift* v. *Brumfield,* 76 Ind. 472, the codefendant of the cross-complainant had been defaulted upon the plaintiff's complaint before the filing of the cross-complaint, on which he also was defaulted, which default upon the cross-complaint he moved to set aside. See, also, *Baldwin* v. *Webster,* 68 Ind. 133.

*Lewis* v. *Bortsfield,* 75 Ind. 390, was an action for partition in which one of the defendants filed a cross-complaint for partition of her undivided part of the real estate. In the opinion, delivered by the judge who announced the opinion in *Joyce* v. *Whitney, supra,* speaking of a codefendant who appeared fully in the action both before and after the filing of the cross-complaint, the court said that he was bound to take notice of the cross-complaint without the issue and service of process thereon, and the fact that he made no appearance to the cross-complaint could not avail him on appeal. The court stated a rule as follows: "It is only where one of two or more defendants, after personal service,

makes default in the original action, and another defendant files a cross-complaint, setting up new matter not apparent on the face of the original complaint, that the defaulting defendant must be served with process issued on such cross-complaint, before any judgment by default can be taken or rendered against him on such cross-complaint." This quoted language is approved in *Jenkins* v. *Newman,* 122 Ind. 99, 102, 103.

In *Voss* v. *Lewis,* 126 Ind. 155, one of the defendants in an action on a note filed a cross-complaint against his codefendants and the plaintiff, alleging therein that the cross-complainant was surety for all his codefendants, and on the same day all the defendants filed a joint answer to the complaint, and at the same time a rule was entered against the plaintiffs to reply to said joint answer, and a rule was entered against the defendants other than the cross-complainant to answer the cross-complaint. No further entries were made relating to the cross-complaint until the final hearing, when a finding and decree were entered declaring the cross-complainant to be a surety for his codefendants. No process was issued on the cross-complaint. The cross-complaint was filed by an attorney who represented all the defendants. It was held that as this attorney could not, as to the cross-bill, represent both parties thereto, and did not appear for the defendants thereto, as such, they were not represented in court. It was therefore held that, the attempted adjudication of the question of suretyship upon the cross-complaint having been made without the issuing and service of process thereon and without the appearance of the defendants named therein, it was void. Referring to *Lewis* v. *Bortsfield,* 75 Ind. 390, it was said to be distinguishable from the case then at bar, where an entirely new element was introduced, having no reference to the controversy growing out of the matters alleged in the complaint; and it was said to be the general rule that in such

a cross-bill setting up the question of suretyship the defend-
ants thereto must be brought into court by process, unless
they voluntarily appear. The court stated that in the case
before it there was no need to stop to inquire whether the
general rule was stated too strongly in *Lewis* v. *Bortsfield,
supra.* We do not find that the rule stated in *Lewis* v. *Borts-
field* has been overruled.

In *Newton* v. *Pence,* 10 Ind. App. 672, it was held that
there was no appearance by the codefendant of the cross-
complainant, either to the original action or to the cross-
complaint.

*Johnson* v. *Meier,* 62 Ind. 98, was an action on a prom-
issory note purporting on its face to be the joint note of three
makers, two of whom with the administratrix of the third
were defendants. The administratrix separately answered
by denial; the other two defendants joined in a complaint
against the administratrix setting up their suretyship for
the decedent. On trial, there was a finding for the plain-
tiff against the defendants, and a finding that the two
defendants who had pleaded suretyship were sureties. It
was held that in the proceeding authorized by the code,
between the sureties and the administrator of the principal,
no judgment could or ought to be rendered which could af-
fect in any manner the proceedings of the plaintiff in his
suit upon the contract either before or after final judgment;
and that a final order in effect that all the assets of the
property of the decedent's estate be first exhausted before
levy on the property of the sureties was in direct conflict
with the statute, which provides that the proceedings upon
the question of suretyship shall not affect the proceedings
of the plaintiff; and that it would have been error to order
that the judgment be levied on the assets of the estate in the
hands of the administratrix.

In *Hayes* v. *Hayes,* 64 Ind. 243, an action against one
of two makers of a joint and several note, it was held not
error to sustain a demurrer to an answer in the nature of a

complaint setting up that the defendant was surety for the other maker who was deceased, and that the note had been allowed as a claim against his estate, which was solvent, and asking that the administrator be made a party and for process against him, and that before execution be levied on the defendants' property the estate of the decedent be first exhausted.

In *Knode* v. *Baldridge,* 73 Ind. 54, it was held that it would have been error for the court to make an order in favor of sureties directing a levy upon the property of their principal in the hands of a receiver and the sale thereof before seizing the property of the sureties, the property in the hands of the receiver being in the custody of the court, held not for the benefit of a particular creditor, but for the benefit of all. It was said: "Our statute, providing for the levy and sale of a principal's property before resorting to that of the surety, has no application at all to a case where the principal's property is in the control and custody of the court."

In *Williams* v. *Fleenor,* 77 Ind. 36, it was held that the complaint under the statute to determine the question of suretyship between codefendants is not a cross-complaint; that while the complaint of the party claiming to be a surety is filed in the principal action, the proceedings and the trial to be had upon it may constitute essentially an independent and separate action; that the statutory action upon such complaint is special, in that the complaint must be filed in a pending principal case; yet once the complaint has been filed, there is in the proceedings nothing peculiar or specially different from an ordinary civil action; that summons must be issued and served, unless waived, issues may be formed, and a jury trial had, in all respects as in an ordinary action under the code. It was said that the principal purpose and benefit of the procedure, in a legal sense, and often in practical results, is to settle the question of suretyship only; and that the order concerning the levy of

the execution may be useless in some cases,' and in any case is only an incident consequent on the determination of the issues, if found in favor of the alleged surety. See *Griffith* v. *Dickerman,* 123 Ind. 247.

The issue of suretyship between codefendants may be tried at, before, or after the trial of the principal cause, or even at a subsequent term. *Dodge* v. *Dunham,* 41 Ind. 186.

The statute relating to claims against the estates of decedents, as we have seen, provides that while an action cannot be originated by complaint and summons against the administrator and other persons upon a contract executed by the deceased and such other persons, but the holder, to enforce collection against the estate, must file the claim against the estate; yet when the claim has been transferred to the issue docket and amended by making another' person, bound with the decedent in the contract, a defendant in the action and such defendant has been brought into court, "thereafter the action shall be prosecuted against him as a codefendant with such executor or administrator, and judgment shall be rendered accordingly."

It seems to us not improper in such case for such a codefendant to set up his suretyship and to cause the question thereon to be adjudicated, though he can not properly have an order for the seizure of the assets of the estate upon execution, or any order which will prevent the regular settlement of the estate and the proper distribution of the funds which may come to the administrator through orderly administration of his trust under the control of the court. An adjudication of such question may as well be had in the action wherein all the parties are thus before the court, and if had, the court can not be regarded as not having jurisdiction of the subject-matter.

The question before us for decision is whether or not the court had jurisdiction of the person of the administrator. If it had such jurisdiction, though it committed errors not properly saved and presented on appeal, the judgment must

stand. The administrator was bound to defend against the claim, and he appeared and did defend. After the court had ordered that the claim be amended by making Sedgwick and Ramsey defendants, and the amended complaint had been filed, the administrator demurred to the amended complaint. He was present by his attorneys at the trial, when the court heard the evidence and, as shown by the record, made a finding upon the question of suretyship, to which finding no objection appears to have been made in any form.

It was the administrator's duty to appear in the action on the claim against the estate on all proper occasions for the making of defense. In accordance with the statute, he had been made a codefendant with others who with his decedent had made the joint and several note, and he was bound to know that under the statute the action would thereafter be prosecuted against the additional defendants as codefendants with him. Either of these codefendants had the right to have the question as to his suretyship adjudicated, but he could pursue his statutory right in this regard only by filing a complaint in the pending cause, and the action to determine the matter of suretyship was to that extent necessarily connected with the pending cause. The action on the complaint of the claimant and the action on the cross-complaint are so related that the administrator has assumed, not improperly, to bring the proceedings under both for review in one appeal.

If the action after the additional defendants were brought in should be regarded as an ordinary civil action against the administrator and his codefendants, as in a case where a defendant has died pending the action and the administrator of his estate has been substituted, or as in a case under the former practice when it was allowable to institute the proceeding originally by complaint and summons against an administrator and others bound with the decedent by contract, then the administrator having appeared and having

demurred to the complaint against him and the other defendants, we think that under the rule as stated in *Lewis v. Bortsfield,* 75 Ind. 390, it would not be improper for the court to enter a rule against him to answer the cross-complaint, and to enforce the rule against him as in other civil actions.

If it be considered that the cross-complaint, being a complaint properly filed in the pending suit on the note, and necessarily filed therein in order to secure a statutory privilege, was so intimately connected with the proceeding on the claim against the estate that the provision of the statute relieving the administrator from the need of pleading any matter by way of answer, except a set-off or a counterclaim, should be so far extended as to relieve him from the necessity of pleading to the cross-complaint, and that therefore the rule against him to answer it was erroneous, yet when we have regard to the statutory duty of the administrator to appear without summons and to make all available defenses to claims, and we see him appearing to the complaint against him and his codefendants and upon the trial, we think it can not be said that the court did not have jurisdiction of the person of the administrator upon the cross-complaint, or that by merely abstaining from answering, though rightfully, he deprived the court of such jurisdiction.

If we can not say that the record does not disclose errors, yet we do not find any which the appellants can make available on appeal.

Judgment affirmed.