NOTE.—Reported at 333 N.E.2d 812.

STATE OF INDIANA ON THE RELATION OF THE MENTAL HEALTH COMMISSIONER, WILLIAM ELLSWORTH MURRAY, M.D. *v.* THE ESTATE OF VERA E. HEITHECKER, DECEASED.

[No. 1-375A55. Filed September 5, 1975.]

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, Indianapolis, for appellant.

*Norman L. Lowery, Rosenfield, Wolfe, Frey & Lowery,* Terre Haute, for appellee.

PER CURIAM—This cause is pending before the Court on the motion of the appellee to Dismiss or Affirm Judgment, the principal allegation of which is that there is a fatal defect in the Motion to Correct errors by omitting to name the personal representative of the deceased as a party appellee. In support of this contention appellee cites two cases, both of which were decided before the effective date of our present rules of procedure, and only one of which held that under former Supreme Court Rule 2-6 it was a fatal defect in the appeal not to name all parties to the judgment in the Assignment of Errors.[1]

It is true that over the course of many years the Courts were strict in the application of the rule requiring that all parties to the judgment must be named as parties in the assignment of errors, and that failure to do so resulted in dismissal of the appeal.[2]

In 1961 the strict enforcement of that rule began to crumble. In the case of *Jasper & Chicago Motor Express, Inc.* v. *Ziffrin Truck Lines, Inc.* (1961), 241 Ind. 643, 175 N.E.2d 20, the Supreme Court on Petition to Transfer stated it disapproved the statement in the opinion of the Appellate Court to the effect that failure to name a party in the assignment of errors is jurisdictional. However, transfer was denied because after the defect in the assignment of errors was brought to appellant's attention no attempt was made to amend.

In the case of *Haney* v. *Estate of Denny* (1962), 135 Ind. App. 317, 183 N.E.2d 346 a Motion to Dismiss was filed alleging that the executrix of the estate of Noble F. Denny, deceased, was not named nor made a party appellee in the assignment of errors. The Court discussed at length the

1. *Wilson* v. *Est. Kings* (1960) 131 Ind. App. 412, 170 N.E.2d 63.
2. *Est. of Peden, Deceased* v. *Noland* (1873) 45 Ind. 354; *Dunn* v. *Est. of Evans* (1902) 28 Ind. App. 447, 63 N.E. 36; *Est. Guernsey* v. *Pennington* (1904) 33 Ind. App. 119, 70 N.E. 1008; *Dallam* v. *Est. of Stockwell* (1904) 33 Ind. App. 620, 71 N.E. 911; *Carr* v. *Schneider's Estate* (1943) 114 Ind. App. 149, 51 N.E.2d 392; *Baugher et al.* v. *Hall, Receiver, etc.* (1958) 238 Ind. 170, 147 N.E.2d 591; *Otolski* v. *Est. of Nowicki* (1959) 129 Ind. App. 492, 158 N.E.2d 296; *Est. of Gordon* v. *Nicholson* (1961) 132 Ind. App. 94, 174 N.E.2d 56; Wiltrout, *Indiana Practice,* Vol. 3, §§ 2402, 2403, 2404, and cases cited therein.

evolution of the degree of enforcement of former Supreme Court Rule 2-6 culminating in *Jasper & Chicago Motor Express, Inc.* v. *Ziffrin Truck Lines, Inc., supra,* noted that the appellant had filed a Motion to Amend the assignment of errors promptly after appellee's motion to dismiss was filed, granted leave to amend the assignment of errors and denied the Motion to Dismiss.

In the case of *In re Sanitary Sewer, etc.* (1968), 251 Ind. 140, 239 N.E.2d 702, the Appellate Court dismissed the appeal because there were no parties named in the assignment of errors. On Petition to Transfer, the Supreme Court concluded the Appeal should be reinstated and the petitioners should be given an opportunity to amend their assignment of errors to conform to Rule 2-6.

Thus it can be seen that even without the adoption of our present rules of procedure, it would not have been a fatal defect in this case to fail to name the personal representative of the decedent's estate as a party in the caption of the assignment of errors. Now, of course, under our present rules of procedure in all appeals from a final judgment, the motion to correct errors shall constitute for all purposes the assignment of errors.[3] Our present rule TR. 59 differs greatly from former Supreme Court Rule 2-6 which prescribed the title, context and positioning of the assignment of errors. In fact, the opening sentence of Rule TR. 59 demonstrates the difference between the two rules on the point of controversy raised by the appellee's motion to dismiss in this case:

> "The Court upon its own motion or the motion of any of the parties *for or against all or any of the parties . . ."* (Emphasis supplied.)

However, Rule AP. 2(B) provides that all parties of record in the trial court shall be parties on appeal. (Presumably without regard as to whether a motion to correct errors was filed as to all parties.) Therefore the failure to name all par-

---

3. Rule AP. 7.2 (A) (1) (a).

ties in the caption of the motion to correct errors is of no consequence in determining the parties to the appeal. Parties to the action in the trial court are parties to the appeal whether named or not, by reason of Rule AP. 2(B).

This brings us to the question of whether the personal representative of the Estate of Vera E. Heithecker, deceased, was a party to the proceedings in the trial court. The record reveals that on November 10, 1972, the State of Indiana, on the relation of William Ellsworth Murray, M.D., Mental Health Commissioner, filed in the Vigo Circuit Court a claim against the Estate of Vera E. Heithecker, deceased, which claim was disallowed the same day. Thereafter, the administrator with the will annexed of the estate filed an answer to the claim together with a request for trial of the claim by jury.

The several statutes pertaining to claims in decedent's estates provide in part as follows:

IC 1971, 29-1-14-10 (Burns Code Ed.)

"Claims, allowance, transfer, trial.— (a)  On or before six [6] months and fifteen [15] days after the date of the first published notice to creditors, the personal representative shall allow or disallow each claim filed within six [6] months after the date of the first published notice to creditors by making appropriate notations on the margin of the claim and allowance docket showing the action taken as to each claim. If a personal representative determines that he should not allow any claim in full such claim shall be noted 'disallowed.' All claims which are disallowed, or which are neither allowed or disallowed within said period of six [6] months and fifteen [15] days, shall be transferred at once to the issue docket for trial and if the court, upon hearing, allows, in full, a claim which was neither allowed or disallowed by the personal representative the costs of such action shall be taxed against the personal representative as an individual . . ."

IC 1971, 29-1-14-12 (Burns Code Ed.)

"Transfer for trial—Pleadings—Joint obligor made party —Default of claimant.— (a)  When any claim is transferred for trial, it shall not be necessary for the personal representative to plead any matter by way of answer, except a set-off or counter-claim, to which the plaintiff shall

reply. If the personal representative pleads any other matter by way of defense, the claimant shall reply thereto; the sufficiency of the statement of the claim, or any subsequent pleading, may be tested by demurrer, and if objection be made that the assignor of a claim not assigned by indorsement is not a party to the action, leave shall be given the claimant to amend by making him a party to answer to his interest in the claim and to sue out process against the assignor to answer in that behalf. And if it shall be shown to the court that any person is bound with the decedent in any contract which is the foundation of the claim, the court shall direct that the claim be amended by making such person a defendant in the action, and process shall be issued against and served upon him, and thereafter the action shall be prosecuted against him *as a codefendant with such personal representative* and judgment shall be rendered accordingly. . . ." (Emphasis supplied.)

IC 1971, 29-1-14-13 (Burns Code Ed.)

"Trial and judgment.—The trial of such claims shall be conducted as in ordinary civil cases, and if the finding be for the claimant *the court shall render judgment thereon against the personal representative for the amount thereof, and for costs, to be paid out of the assets of the estate to be administered.* If the claim sued on be secured by a lien upon property of the deceased, the date and extent shall be ascertained and fixed by the finding and judgment. If the finding be in favor of the personal representative upon a set-off or counter-claim, judgment shall be rendered thereon as in ordinary cases. If a set-off or counter-claim be pleaded, and the claim be afterward dismissed, the personal representative may nevertheless proceed to trial and judgment on the set-off or counter-claim." (Emphasis supplied.)

We find in the early case of *Bowman, Admr., et al.* v. *The Citizens' National Bank, et al.* (1900), 25 Ind. App. 38, 42, 56 N.E. 39, the following statement:

"The proceeding was initiated against the estate by the filing of the claim and its entry on the appearance docket as required by the statute. When these things had been done the action was commenced. It was not necessary in the statement of the claims so filed and entered to name the administrator. *He became a party by operation of law and was bound to take notice of the filing of the claim without summons or other notice.* §§ 2473, 2474 Burns 1894, §§ 2318, 2319 Horner 1897; Taggart v. Tevanny, 1 Ind. App. 339. If the claim be not admitted by the administrator, it must

be transferred to the issue docket for trial as other civil actions, and it is the duty of the administrator to make all available defenses. §§ 2474, 2477 Burns 1894, §§ 2319, 2322 Horner 1897." (Emphasis supplied.).

In the later case of *Hull, Extx., et al.* v. *Burress* (1950), 120 Ind. App. 507, 513, 93 N.E.2d 213, the Court stated:

"The appellant contends that the trial court erred in rendering the judgment appealed from against the estate of King L. Hull, deceased, instead of Helen L. Hull, as executrix of the estate of King L. Hull, deceased, citing Sec. 6-1016, Burns' 1933 which provides that the court shall render judgment against the executor or administrator. However, it has been held that a judgment against an administrator, as such, is not substantially, but merely, nominally, a judgment against him. It is a judgment against the estate which he administers, payable out of the estate, and is never to be paid unless the estate is able to pay it. Egbert v. State (1853), 4 Ind. 399; 1 Henry's Probate Law (5th Ed.), § 322, p. 419.

The action of the trial court in rendering judgment for plaintiff against the estate of King L. Hull, deceased, instead of a judgment in the name of the executrix, while technically erroneous is not ground for reversal, since the executrix was merely the nominal party and the representative of the estate, and the judgment was in substance and actuality against the estate, and the payment of such judgment by law must come from such estate.

*After the filing of the claim against the estate as required by law, the executrix became a party by operation of law, and the appellee's failing to name the executrix in her statement of claim did not invalidate the same.* Bowman et al. v. Citizens Nat'l. Bank of Martinsville et al. (1900), 25 Ind. App. 38, 56 N.E. 39." (Emphasis supplied.)

Thus we see that after the filing of a claim in a decedent's estate, the personal representative becomes a party to the proceedings by operation of law. However, he is a nominal party only, in his representative capacity and not personally. Therefore, since the personal representative of a decedent's estate becomes a party by operation of law after a claim is filed against the estate, he is a party to any subsequent litigation on that claim regardless of whether his name appears on further pleadings. Since the

Personal Representative is a party in the trial court by operation of law, he is a party on appeal by reason of Rule AP. 2, whether or not his name appears on any of the pleadings. The failure to name the administrator in the motion to correct errors does not make him any less a party and does not cause the reviewing court to be without jurisdiction of such an appeal.

The appellant has filed its Petition to Make Additional Party Appellee by adding Albert C. Heithecker, Administrator with the Will Annexed of the Estate of Vera E. Heithecker, deceased, as a party appellee to this appeal. As we have set out above, said Administrator is already a party to this appeal by operation of law and Rule AP. 2. However Appellant is granted leave to amend the caption of this case to reflect the presence of the administrator as a party appellee in this cause.

Of the other alleged errors raised by the Appellee's Motion to Dismiss or Affirm Judgment, some are not relevant to this appeal and none, either singly or collectively states just reason either for dismissal or affirmance of the judgment. The Motion to Dismiss or Affirm Judgment is denied.

NOTE.—Reported at 333 N.E.2d 308.